WILLIAM J. PEEBLES, Appellant, v. BURT HUGUNINE, Respondent.— Judgment and order affirmed, with costs. All concur.

NELLIE W. GORTON, as Administratrix, etc., of FRED G. LANE, Deceased, Respondent, v. E. CLAIRE LANE, Appellant.— Judgment and order reversed on law and facts and new trial granted, with costs to appellant to abide event, on the ground that the affidavit of Fred G. Lane in his application for registration and his statements to Arthur D. Moore, to John K. Lane and to the plaintiff in respect to his ownership of the car in question were erroneously received as part of the plaintiff's case, to establish Fred G. Lane's ownership of the car at the time of his death. All concur.

In the Matter of the Estate of OTTO KIEKEBUSCH, Deceased.— Motion for reargument denied, with ten dollars costs.

In the Matter of WILLIAM H. MACLEAN, an Attorney and Counselor at Law.— The respondent having admitted all the material facts alleged in the petition, it is ordered that he be suspended from practicing his profession for the period of one year beginning January 11, 1924, and thereafter until the further order of the court.

LOTTIE MACIEJEWSKI, Respondent, v. WLADISLAW KONIECZKO, Appellant.— Motion granted and appeal dismissed.

OSWALD SHIRLEY, an Infant, by MABEL SHIRLEY, His Guardian ad Litem, Respondent, v. LARKIN COMPANY, Appellant.— Judgment affirmed, with costs. All concur, except Sears and Crouch, JJ., who dissent and vote for reversal.

In the Matter of the Estate of MARIA T. DOTTERWEICH, Deceased.— Order affirmed, with ten dollars costs and disbursements. All concur.

In the Matter of the APPOINTMENT OF A COMMITTEE to Inquire into the Operation of the Jury System in Erie County.— Report of committee ordered filed and the expenses shown by affidavit to have been incurred are ordered paid and the fees of the commissioners are fixed at the sum of $150 each.

---

## FIRST DEPARTMENT, APRIL, 1924.

JULES MAES & Co., INC., Appellant, v. W. R. GRACE & Co., Respondent.

*Sales — action to recover purchase price of coffee — coffee was rejected on ground that it was not of quality contracted for — complaint properly dismissed for failure of proof in absence of proof by plaintiff that goods were of quality agreed on.*

Appeal from a judgment of the Supreme Court in favor of the defendant, entered in the New York county clerk's office February 20, 1923, upon the dismissal of the complaint at the close of the plaintiff's case.

PER CURIAM: This is an action for the purchase price of coffee shipped from Santos, Brazil, to New York, which was rejected by the defendant upon the ground that it was not of the quality contracted for. Plaintiff failed to introduce any evidence that the goods were of such quality. A dismissal of the complaint was therefore, proper for failure of proof. The judgment should be modified by adding " for failure of proof, but not upon the merits," and as so modified affirmed, with costs to the respondent. Present — Clarke, P. J., Merrell, Finch and Martin, JJ. Judgment modified by inserting after the word " dismissed," the following: " for failure of proof, but not upon the merits," and as so modified affirmed, with costs to the respondent.