JULES MAES & Co., INC., Appellant and Respondent, *v.* W. R. GRACE & Co., Respondent and Appellant.

*Contract — sale — action to recover the purchase price of goods alleged to have been sold — failure to prove that goods delivered were in. accordance with contract as to quality — failure of proof as to passing of title.*

*Maes & Co., Inc.,* v. *Grace & Co.*, 208 App. Div. 833, affirmed.

(Argued October 14, 1924; decided October 21, 1924.)

CROSS-APPEALS from a judgment of the Appellate Division of the Supreme Court in the first judicial depart-

ment, entered May 1, 1924, modifying and affirming as modified a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term. The action was to recover the purchase price of coffee alleged to have been sold to defendant. The merchandise purchased was 2,000 bags of Brazilian coffee " standard No. sevens/eights of the Coffee Exchange of the City of New York " to be shipped from Brazil " prompt " by a certain named shipper, delivery " to be taken ex ship " by the buyer " no arrival, no sale." Half of the coffee was taken and paid for. The balance was rejected upon the ground that it was not of the quality purchased.

*Howard R. Bayne* for plaintiff, appellant and respondent.

*Harold J. Roig* for defendant, respondent and appellant.

*Per Curiam.* The Appellate Division was right in modifying the judgment of dismissal by adding the words " for failure of proof, but not upon the merits." The plaintiff failed to prove that the coffee delivered was according to the contract " for standard No. 7/8s of the Coffee Exchange of the City of New York * * * GRADING: Brazil."

This permits the plaintiff to bring another action in which such proof may be supplied and also to prove additional facts lacking in this case bearing upon the time when delivery took place and title passed to the defendant. The contract provided: " No arrival, no sale — Coffee to be taken exship."

The coffee arrived in two shipments. Title may have passed when the coffee was delivered *ex* ship. What *ex* ship means was not explained in the evidence nor is any custom at the port of New York regarding the expression proved. (*Harrison* v. *Fortlage*, 161 U. S. 57, 64.) In this case the court said:

" The words ' *ex* ship' are not restricted to any particular ship; and by the usage of merchants, as shown in this case, simply denote that the property in the

goods shall pass to the buyer upon their leaving the ship's tackle, and that he shall be liable for all subsequent charges of landing. They do not constitute a condition of the contract, but are inserted for the benefit of the seller. See *Neill* v. *Whitworth*, 18 C. B. (N. S.) 435, and L. R. 1 C. P. 684."

In *Yangtsze Insurance Association, Ltd.,* v. *Lukmanjee* (1918) (A. C. 585, 589) the Privy Council, by Lord SUMNER, said:

" * * * In the case of a sale ' ex ship,' the seller has to cause delivery to be made to the buyer from a ship which has arrived at the port of delivery and has reached a place therein, which is usual for the delivery of goods of the kind in question. The seller has therefore to pay the freight, or otherwise to release the shipowner's lien and to furnish the buyer with an effectual direction to the ship to deliver. Till this is done the buyer is not bound to pay for the goods. * * *." (See Williston on Sales, vol. 1, pp. 619, 620.)

The record in this case fails to disclose what was done with the goods when they arrived in New York or what the seller did to enable the purchaser to procure the goods. We refrain from attempting to say when title passed so as to permit the seller to sue for the price.

We, therefore, affirm the judgment of the Appellate Division on the ground of failure of proof as to the quality of the coffee delivered without determining the other questions in the case.

HISCOCK, Ch. J., CARDOZO. POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ., concur.

Judgment affirmed, without costs.