Louis Ziegler, Appellant, *v.* International Railway Company, Respondent.

Fourth Department, March 4, 1931.

*John F. McNulty,* for the appellant.

*Franchot, Runals, Robillard & Cohen* [*Thomas G. Rickert* and *Clarence R. Runals* of counsel], for the respondent.

Per Curiam. At the close of plaintiff's case, defendant moved for a dismissal of the complaint for failure to prove negligence and freedom from contributory negligence; also because the proof affirmatively showed plaintiff guilty of negligence which was the cause of the accident. Thereupon the court said: " I will grant the defendant's motion." We have no means of knowing the particular ground upon which the ruling rested. The judgment

as entered, that is, the *postea*, adjudged " that this action be and the same hereby is dismissed upon the merits, and that the defendant have judgment against the plaintiff upon the issues in this action," with costs. Upon being served with a copy of the judgment and notice of entry, plaintiff moved to modify the judgment by striking therefrom the words " on the merits " and by adding thereto the words " that the complaint was dismissed without prejudice, for failure of proof, but not upon the merits." The motion was denied. The appeal here is from the order of denial. Under section 1209 of the Code of Civil Procedure a judgment of dismissal for mere failure of proof was not upon the merits; and regardless of the form of the *postea* the actuality could be shown, whether the question arose on appeal from the judgment itself or upon motion to correct or amend, or even when pleaded in bar in a second action.

The rule is now otherwise. The effect of section 482 of the Civil Practice Act, supplemented by subdivision 2 of rule 166 of the Rules of Civil Practice, is to put an end to a claim that has been once litigated and dismissed, even though such a dismissal was for mere failure of proof, unless the plaintiff convinces the court that upon adjournment or at another trial the evidence necessary to prove his case can be produced. So far as *Caruso* v. *Metropolitan Five to Fifty Cent Store* (214 App. Div. 328) holds to the contrary, we feel constrained not to follow it. In that view we are strengthened by the subsequent decision of the same court in *Hollenbeck* v. *Ætna Casualty & Surety Co.* (215 App. Div. 609). It is highly desirable, if not necessary, that plaintiff should call the matter to the attention of the court at the moment the ruling is made; and the record should disclose whatever proof or probability of proof the plaintiff claims is, or will be, available in the future to close the gap. Unless that is done, there will be nothing upon which an appellate court can act in reviewing the discretion of the trial court upon appeal from the judgment. If plaintiff has failed or omitted when the motion to dismiss was granted thus to call the attention of the court to the matter, it would be only under unusual circumstances that the court would entertain a subsequent motion to amend the judgment so as to relieve it from the ban imposed by section 482 of the Civil Practice Act. Where the question now comes up on the trial of a second action under a plea in bar, the judgment of dismissal, unless disclosing on its face that it was made without prejudice, is conclusively presumed to have been made on the merits. (*Hollenbeck* v. *Ætna Casualty & Surety Co., supra.*) (See, also, *Littrell* v. *Allemania Fire Ins. Co.*, 250 N. Y. 628.)

If we assume here that the dismissal was for mere failure of proof, there is nothing to show an appeal to the court's discretion

at the trial, nor any reason why such appeal was omitted. Nor is any such appeal made in the moving papers here, even assuming that the case is one where the circumstances would justify such an appeal on a subsequent motion.

The order should, therefore, be affirmed, with ten dollars costs and disbursements.

All concur. Present — SEARS, P. J., CROUCH, TAYLOR, EDGCOMB and CROSBY, JJ.

Order affirmed, with ten dollars costs and disbursements.