S. J. E. BUILDING CORPORATION, Appellant, v. MATT O. M. CONSTRUCTION COMPANY, INC., Respondent, Impleaded with Others.

(Argued October 1, 1934; decided October 9, 1934.)

*Emanuel F. Kirk* for appellant.

*Julius Samit* and *Alexander Samit* for respondent.

CRANE, J. This action is brought to foreclose a mortgage on real property situated in Brooklyn, county of Kings, on which the sum of $25,316.82 was found to be due. This was a building loan mortgage. The defendant, Matt O. M. Construction Co., Inc., interposed an answer setting up two counterclaims, one for $2,000, by reason of the failure on the part of the plaintiff to make the last payment called for by the building loan agreement; and the other for $37,500, based on allegations of fraud, in that the plaintiff had interfered with this defendant getting a first mortgage of $37,500, saying that it would procure such a mortgage for the defendant in the sum of $40,000. Practically no evidence in support of either of these counterclaims was adduced on the trial of the action, and judgment was given for the plaintiff for the full amount due. The judgment declared the plaintiff's mortgage to be " a first lien on said premises " for said amount. It also contained this provision: " Ordered, adjudged and decreed that each and all of the defendants in this action and all the persons claiming under them or any of them after the filing of said notice of pendency of this action be and they hereby are forever barred and foreclosed of all right, claim, title, lien and interest and equity of redemption in such mortgaged premises and each and every part thereof."

In making the findings of fact and conclusions of law, and in entering this judgment, the judge omitted to say formally and specifically that the counterclaims were dismissed. The judgment for the plaintiff in the full amount claimed could not have been given, nor the defendant barred from any and all interest in the property,

or the plaintiff's interest therein, without a dismissal of the counterclaims. This is the effect of the judgment, and cannot be anything else. The plaintiff could not recover the amount alleged to be due while at the same time the trial justice failed to dispose of the defendant's claim against or in reduction of the amount. Therefore, it is apparent that the failure to use the words or make the finding, " counterclaims dismissed," was a mere omission. It could not be anything else. Perhaps both the parties and the judge thought, in view of the full recovery by the plaintiff, the formal statement of dismissal was unnecessary.

However this may be, upon subsequent application on notice to the defendant, the trial justice amended his findings and judgment by including the words, " the counterclaims of the defendant, Matt O. M. Construction Co., Inc., herein be dismissed."

This practice was in accordance with section 105 of the Civil Practice Act, which reads: " At any stage of any action, special proceeding or appeal, a mistake, omission, * * * may be corrected or supplied, as the case may be, in the discretion of the court. * * * " That it was an omission is not only apparent, but the trial justice, in granting the amendment, said: " The plaintiff merely seeks an amendment of the judgment which would correct an omission of a right or relief to which it was entitled upon the facts already found in this action." In other words, the justice knew and realized, as we must, that having given judgment, for the plaintiff for the amount due, it was entitled, upon such finding, to a dismissal of the counterclaims. If this section of the Civil Practice Act is to have any force and effect whatever it must cover such an omission as this.

Nowhere in the opposing affidavit on the motion did the defendant claim or assert that the counterclaims were not disposed of and dismissed; reliance was placed entirely upon the lack of power in the trial court to supply the

omission. Courts must see that procedure does not smother merit and be used merely for obstructive purposes.

The Appellate Division was of the opinion that our decision in *Herpe* v. *Herpe* (225 N. Y. 323) did not sanction this amendment. We held in that case that findings of fact and conclusions of law having once been made, and judgment entered in accordance therewith, the judge or referee could not thereafter change the decision in any way inconsistent with the findings which he had made. This was commented upon in *Corr* v. *Hoffman* (256 N. Y. 254). The amendment made by the trial judge in this instance is in harmony with and in completion of the findings for the plaintiff. The inconsistency arises in leaving out the dismissal of the counterclaims, not in putting it in. Therefore, the trial justice acted not only in accordance with section 105 of the Civil Practice Act, but also followed the decisions of this court.

That this court has jurisdiction on appeal from an order amending a judgment, although reversed by the Appellate Division, see *Livingston* v. *Livingston* (173 N. Y. 377, 379). The amending order contains in full the judgment as amended.

The order of the Appellate Division should be reversed, and that of the Special Term affirmed, with costs in this court and in the Appellate Division.

POUND, Ch. J., LEHMAN, O'BRIEN, HUBBS, CROUCH and LOUGHRAN, JJ., concur.

Ordered accordingly.