FRANK KIEBITZ & SONS, INC., Respondent, *v.* ABRAHAM BERMAN and Others, Appellants.

Supreme Court, Appellate Term, Second Department, February 20, 1936.

*Franklin F. Regan,* for the appellants.

*Howard A. Rochford,* for the respondent.

BONYNGE, J. The plaintiff is the payee of a promissory note made by a corporation, now bankrupt, and indorsed by the three defendants. In 1934 the plaintiff sued the defendants on this note, alleging due presentment, demand and notice of dishonor. Upon the trial it developed that the collecting bank had failed to present and protest the note, and the plaintiff was accordingly nonsuited at the close of its evidence. The judgment entered thereon did not contain the words " without prejudice." The plaintiff then commenced this action and served an amended complaint herein setting forth facts sufficient to excuse presentment, demand and notice of dishonor under sections 140, 142 and 180 of the Negotiable Instruments Law. The defendants moved to dismiss under rule 107, setting up the prior judgment as a bar. The motion was denied in the court below and we affirmed in the belief that the motion was not timely. Counsel now call our attention to a stipulation extending the time of the defendants and invite a decision on the merits.

In an earlier day the plaintiff's right to begin anew would have been clear (Code Civ. Proc. § 1209). It was a common occurrence for plaintiffs, who were nonsuited for choosing the wrong theory of

action, to espouse a new and possibly correct theory. With the enactment of the Civil Practice Act the rule was changed (Civ. Prac. Act, § 482) in response to the insistent demand for more speed and finality in legal procedure. (*Ziegler* v. *International Railway Co.*, 232 App. Div. 43; *Hollenbeck* v. *Ætna Casualty & Surety Co.*, 215 id. 609.) That justice is sometimes sacrificed in the process is illustrated by the present case. Since 1920 a defeated plaintiff who seeks another chance must show either that the fateful words " without prejudice " have been incorporated in the prior judgment, or that the new theory of action could not have been set forth in the prior complaint. Manifestly the theory now advanced by the plaintiff could quite as well have been put forward in its first action, provided the necessary facts had been properly pleaded. Under these circumstances the judgment, in its present form, is an insuperable bar to the maintenance of this action. (*DeCoss* v. *Turner & Blanchard, Inc.*, 267 N. Y. 207; *Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.*, 250 id. 304.)

" A cause of action does not consist of facts, but of the unlawful violation of a right which the facts show. The number and variety of the facts alleged do not establish more than one cause of action so long as their result, whether they be considered severally or in combination, is the violation of but one right by a single legal wrong." (*Baltimore S. S. Co.* v. *Phillips*, 274 U. S. 316.)

It follows that the judgment in the first action works as an estoppel here. Assuming that the plaintiff has a good cause of action, the result is a harsh one. We are supposed to progress in the direction of less formalism, greater flexibility and more justice and yet here an opposite result is reached. Of course it may be urged that plaintiff's attorney should have detected the omission in the judgment and sought to have it remedied. The answer to this is that when an attorney is licking the wounds of a humiliating defeat, he neither sees nor thinks with customary clarity.

Motion for reargument granted, and upon such reargument order unanimously reversed upon the law, with ten dollars costs to appellants, and motion to dismiss complaint granted, with appropriate costs in the court below.

CROPSEY and MACCRATE, JJ., concur.