ROBERT WATKINS, Respondent, *v.* PACIFIC FINANCE CORPORATION, Appellant.

ROBERT WATKINS, Respondent, *v.* PACIFIC FINANCE CORPORATION, Appellant.

(Consolidated Appeals.)

Second Department, June 17, 1940.

*Samuel Firestone*, for the appellant.

*Stephen R. J. Roach*, for the respondent.

PER CURIAM. On May 27, 1938, plaintiff borrowed $301 from defendant's assignor, for which he gave his note for $390, payable in monthly installments and secured by a chattel mortgage on his automobile. The note and mortgage, and a hazard agreement executed by the lender, were assigned to defendant, whose manager had full knowledge of the transaction. Defendant thereafter took possession of the automobile for non-payment of installments on the note and plaintiff sued defendant for the value of the automobile, plus the amounts he had paid on the note, alleging that the loan was usurious and that the taking of the automobile was a conversion. At the trial plaintiff failed to show the relation between the risk assumed under the hazard agreement and the amount in excess of lawful interest charged for such risk. (*Equity Service Corporation* v. *Agull*, 250 App. Div. 96, 99.)

The trial court held (a) that plaintiff was not entitled to recover the payments he had made because they were less in amount than the law permitted and were made voluntarily (*McKenna* v. *Meyer*, 250 App. Div. 783); and (b) that the complaint should be dismissed "without prejudice as to plaintiff's action for conversion," inserting the words "without prejudice" in the judgment submitted by defendant before it was signed. Defendant appeals from the judgment in so far as it contains the inserted words.

After the decision was announced but before the judgment was entered, plaintiff commenced another action against defendant for conversion alone. Defendant moved, by notice returnable after the judgment in the first action was entered, for dismissal

of the complaint in the second action on the ground that another action was pending between the parties for the same cause of action when the second action was commenced, and the motion was denied. Defendant later moved for a stay of all proceedings in the second action until the costs awarded to it in the first action were paid. That motion was likewise denied, and defendant appeals from the orders entered on both motions.

There was a failure of proof on the part of the plaintiff in the first action, and the dismissal was properly rendered without prejudice. Whether " it appears by the judgment-roll " that a dismissal was " rendered upon the merits " is not now, as it was under section 1209 of the Code of Civil Procedure, a test of a plaintiff's right to commence a second action for the same cause. Section 482 of the Civil Practice Act provides that a dismissal of a complaint or of a counterclaim " at the close of the whole evidence " is a final determination of the merits of the cause of action and bars a new action between the same parties or their privies for the same cause " unless the court shall dismiss without prejudice."

The courts do not favor the preclusion of a second action where the dismissal of the first was for a failure of proof. In *Maes & Co., Inc.*, v. *Grace & Co.* (208 App. Div. 833; affd., 239 N. Y. 519), decided after the Civil Practice Act was adopted but without reference thereto, it was held that where there is a failure of proof on the part of the plaintiff, a judgment of dismissal should be modified by the addition of the words " for failure of proof, but not upon the merits," in order to permit the plaintiff to bring another action " in which such proof may be supplied." That case was followed in *Caruso* v. *Metropolitan Five to Fifty Cent Store* (214 App. Div. 328, 330), holding under section 482 of the Civil Practice Act that where it appeared that no decision on the merits was or could have been rendered, the failure to state in a judgment dismissing the complaint that the dismissal was without prejudice had no significance, and that the judgment should have been amended by the trial court on motion to show that it was without prejudice.

The motion to dismiss the complaint in the second action on the ground that another action was pending was properly denied. A motion is " made " on its return in court, and not when the notice is served. (*Low* v. *Bankers Trust Co.*, 265 N. Y. 264; *Clinton Trust Co.* v. *Mahoney*, 252 App. Div. 763.) The motion here was returnable December 15, 1939. The first action terminated in a judgment entered seven days earlier, and, therefore, was not pending when the motion was made. Where the first of two

identical actions is discontinued before verdict on the trial of the second, the defense of another action pending is not available in the second. (*Gentilala* v. *Fay Taxicabs, Inc.*, 243 N. Y. 397, 399.)

The motion for a stay in the second action because of the non-payment of costs in the first was properly denied since the dismissal in the first action was rendered without prejudice. (*Skeels* v. *Bodine*, 68 App. Div. 217.)

The judgment, in so far as appealed from, should be affirmed, with costs; and the orders should be affirmed, with ten dollars costs and disbursements, with leave to appellant to answer within ten days from the entry of the order hereon.

Present — LAZANSKY, P. J., HAGARTY, JOHNSTON, TAYLOR and CLOSE, JJ.

Judgment, in so far as appealed from, unanimously affirmed, with costs. Orders affirmed, with ten dollars costs and disbursements, with leave to answer within ten days from the entry of the order hereon.