FLORENCE HANSEN, as Administratrix of the Estate of JOHN A. HANSEN, Deceased, Respondent, v. CITY OF NEW YORK et al., Appellants.

First Department, June 30, 1948.

*Fred Iscol* of counsel (*Seymour B. Quel* with him on the brief; *John P. McGrath, Corporation Counsel,* attorney), for appellants.

*Paul O'Dwyer* of counsel (*O'Dwyer & Bernstien,* attorneys), for respondent.

VAN VOORHIS, J. This action was brought to recover damages for personal injuries sustained by John A. Hansen, who was run over by a subway train operated by defendant Robert O. Bower for defendant The City of New York, as part of the Independent Subway System. The train was going south approaching the 168th Street station, and came upon Hansen, who was lying face down between the tracks in what is called the trough, at a point located by the motorman at six or eight feet back in the tunnel before reaching the station. The accident occurred March 8, 1945. Mr. Hansen sustained serious personal injuries but was not killed. He died before the trial from causes unrelated to the accident, on December 29, 1946.

Formerly this cause of action would have abated as a result of his death, but it now survives, and is being prosecuted by his personal representative as though he were living, under sections 119 and 120 of the Decedent Estate Law. This is not an action for the wrongful death of decedent, and the burden of proving freedom from contributory negligence remains upon the plaintiff (*Nilson* v. *Oppenheimer,* 260 App. Div. 670, 672, affd. 285 N. Y. 824).

Hansen's memory became impaired and, although his deposition was taken during his lifetime, he was unable to remember that he had been upon the subway tracks, to say nothing of being able to recall how he came to be in that location.

At the close of plaintiff's evidence, the trial court on October 17, 1947, dismissed the complaint on the ground that plaintiff had failed as matter of law to establish freedom from contributory negligence on the part of said decedent. Judgment was entered December 8, 1947.

Formerly this ruling would not have been a direction for judgment on the merits, but since the adoption of the Civil Practice Act in 1920, the rule has been otherwise (§ 482). The dismissal of a complaint at the close of the plaintiff's evidence is a final

determination upon the merits, and this " * * * bars a new action between the same parties or their privies for the same cause of action unless the court shall dismiss without prejudice." (Civ. Prac. Act, § 482; *Hollenbeck* v. *Ætna Casualty & Surety Co.*, 215 App. Div. 609; *Ziegler* v. *International Railway Co.*, 232 App. Div. 43; *Kiebitz & Sons, Inc.*, v. *Berman*, 158 Misc. 434).

The present appeal is by the defendants from an order dated March 12, 1948, granting a motion by plaintiff at a Special Term held by the same justice who presided over the trial, which directed that the judgment upon the merits entered " be and the same hereby is amended and corrected, nunc pro tunc, to express the intention of the Trial Court that the complaint was dismissed without prejudice and not on the merits ", and that said judgment be thus corrected " with the same force and effect as if the judgment had originally so provided ".

A separate appeal has been taken from the original judgment, which is not now before us.

The theory on which the judgment has been amended is that it was an inadvertence on the part of the Trial Justice to fail to state, at the close of the trial, that his ruling dismissing the complaint on the law was without prejudice to another action for the same cause.

The difficulty in sustaining the order appealed from is that there is nothing in the record of the trial indicating that this ruling was inadvertent, there being nothing to show any basis for anticipating that the plaintiff would be able to present additional evidence upon another trial tending to exempt plaintiff's intestate from the imputation of contributory negligence. The trial court in making its ruling dismissing the complaint did not state that the dismissal was without prejudice, nor was there any apparent reason to have done so. Plaintiff's counsel made no request that the dismissal be without prejudice, and neither he nor any of the plaintiff's witnesses said anything nor referred to any fact or circumstance indicating that such further evidence is available.

In the plaintiff's moving papers it is stated by plaintiff's counsel that due to inadvertence on his part he neglected to ask the trial court to dismiss without prejudice. On the other hand, the moving papers show no sources of information nor grounds for belief that additional testimony would be available upon another trial tending to plaintiff's advantage, nor is mention made of anything which might be proved on a second trial which was not in the record on the first trial. It is intimated, rather,

that the decision of the court in dismissing the complaint was erroneous, which is something that can be reviewed directly on appeal from the judgment as originally entered.

It cannot be presumed that at the trial the complaint would have been dismissed without prejudice merely if plaintiff's counsel had requested it, without stating any reasons or basis therefor. Since the adoption of the Civil Practice Act, dismissals without prejudice at the close of plaintiff's evidence are not granted as of course, and the policy of the law, as expressed in the statute, now is that a plaintiff should not be permitted another opportunity to prove a prima facie case after previous failure without establishing a basis for it. The cases cited for respondent, to the effect that there is a presumption that a dismissal at the close of the plaintiff's evidence is not upon the merits, no longer apply. "The rule is now otherwise. The effect of section 482 of the Civil Practice Act, supplemented by subdivision 2 of rule 166 of the Rules of Civil Practice, is to put an end to a claim that has been once litigated and dismissed, even though such a dismissal was for mere failure of proof, unless the plaintiff convinces the court that upon adjournment or at another trial the evidence necessary to prove his case can be produced. So far as *Caruso* v. *Metropolitan Five to Fifty Cent Store* (214 App. Div. 328) holds to the contrary, we feel constrained not to follow it " (*Ziegler* v. *International Railway Co.,* 232 App. Div. 43, *supra*).

*Maes & Co., Inc.,* v. *Grace & Co.* (208 App. Div. 833, affd. 239 N. Y. 519), is not to the contrary. The Appellate Division modified the judgment directly on appeal, on the basis of the record, so as to provide that it was without prejudice, which determination was affirmed by the Court of Appeals.

In the *Ziegler* case an order was affirmed denying a plaintiff's motion to modify a judgment on the merits, so as to provide that it was without prejudice to another action, and the court further said: " If plaintiff has failed or omitted when the motion to dismiss was granted thus to call the attention of the court to the matter, it would be only under unusual circumstances that the court would entertain a subsequent motion to amend the judgment so as to relieve it from the ban imposed by section 482 of the Civil Practice Act." (P. 44.)

In *Testa* v. *Armour & Co.* (255 App. Div. 998) the court stated: " Nothing in this record indicates that the trial court, when it first acted, intended that the dismissal should be without prejudice. In such circumstances, the trial court was without power to review its own decision and judgment."

In *Ring & Son* v. *Winola Worsted Yarn Co.* (228 N. Y. 127, 133) where the converse situation was presented, the court said: "The proposition is so clear that if the judgment of nonsuit originally entered was in accordance with the disposition actually made upon the trial, the case could not subsequently be remitted for a different disposition upon the merits, that no time need be spent in fortifying that proposition by discussion."

In *Littrell* v. *Allemania Fire Insurance Co.* (224 App. Div. 523) the Appellate Division modified its previous decision (222 App. Div. 302) so as to add, *nunc pro tunc*, that the dismissal therein directed had been without prejudice. On appeal to the Court of Appeals (250 N. Y. 628) this order was reversed, and the following question answered in the negative: "Had the Appellate Division power, in this action, to modify its former judgment and decision so as to provide that the complaint was dismissed without prejudice?"

In the recent case of *Miltenberg & Samton, Inc.,* v. *Falkingham* (273 App. Div. 631, 632), this court held to be a nullity, a second decision by the trial court substantially altering its decision made seven days previously. It is stated in the opinion: "When a decision on the merits has been rendered after a trial, the court is without power to make a different decision. It may only correct errors clerical in their nature or in a proper case, it may set aside its decision and order a new trial, but it is not authorized to make a new decision".

In the absence of anything in the record of the trial to indicate that rulings at the trial have been inadvertent, it would be an unwise precedent to hold that after a trial has been completed, in this case five months later, the Trial Justice may in matters of substance alter rulings that were made on the trial, on the basis of a recital in an order that he meant to rule differently. The statement in the affidavit of plaintiff's counsel that it was he who omitted to ask that the dismissal be without prejudice, does not tend to show that the inadvertence was on the part of the Trial Justice, nor that the ruling of the Trial Justice as recorded fails to conform to his intent at that time.

The order appealed from should be reversed, with $20 costs and disbursements to the appellants and the plaintiff's motion to amend the judgment should be denied.

SHIENTAG, J. (dissenting). We dissent. This is not a situation where it was specifically stated by the court that the judgment of dismissal of the complaint at the close of the plaintiff's case was on the merits and it is subsequently sought to change

the dismissal to one without prejudice. Obviously that cannot be done. Here, however, there was merely a dismissal without anything more at the close of the plaintiff's case. By virtue of the statute, section 482 of the Civil Practice Act, that dismissal, which did not expressly state that it was without prejudice, was deemed in law to be a dismissal on the merits. Surely in such a case it is proper, if the court inadvertently omitted the words " without prejudice " from his judgment of dismissal, to allow the mistake to be corrected.

The Justice below who tried the case, when he granted the motion to correct the error, ruled that it was an inadvertence on his part and that he had intended, when he dismissed the complaint, to dismiss it without prejudice rather than on the merits. We have no right to assume that this is not so and that the Trial Justice had in fact changed his mind. This is peculiarly the kind of situation where an inadvertent error is likely to have occurred. It would be exalting the form of the law above the substance to reverse the order below. We, therefore, vote to affirm.

PECK, P. J., and DORE, J., concur with VAN VOORHIS, J.; SHIENTAG, J., dissents in opinion in which GLENNON, J., concurs.

Order reversed, with $20 costs and disbursements to the appellants and the motion denied. Settle order on notice. [See *post*, p. 885.]