FLORENCE HANSEN, as Administratrix of the Estate of JOHN A. HANSEN, Deceased, Appellant, *v.* CITY OF NEW YORK et al., Respondents.

Argued February 22, 1949; decided April 14, 1949.

*Paul O'Dwyer* for appellant.   The motion presented a question of fact as to what actually occurred at the trial.   The Trial Justice was logically and pre-eminently the one to decide that question.   His recollection and finding that the dismissal at the trial was, in fact, without prejudice, and his failure to so specify at the time, an inadvertency, are conclusive.   (*Morlock* v. *Hamilton,* 226 App. Div. 222; *Cabang* v. *United States Shipping Bd. Merchant Fleet Corp.,* 227 App. Div. 751; *Matter of Shultz,* 254 App. Div. 228; *Matter of Welch,* 256 App. Div. 1040; *Farmers' Nat. Bank* v. *Underwood,* 12 App. Div. 269; *Ditmas* v. *McKane,* 87 App. Div. 54; *Hall* v. *Gilman,* 87 App. Div. 248; *Burke* v. *Baker,* 104 App. Div. 26; *Conlon* v. *Kelly,* 126 App. Div. 624; *Thomas* v. *American Molasses Co.,* 158 App. Div. 692; *Solomon* v. *Jacfin Co.,* 147 Misc. 215.)

*John P. McGrath, Corporation Counsel* (*Fred Iscol* and *Seymour B. Quel* of counsel), for respondents. Special Term lacked power to amend the judgment since (1) it was entered in conformity with the disposition of the case by the Trial Justice and in accordance with the provisions of section 482 of the Civil Practice Act, and (2) the asserted intention of the Trial Justice to dismiss the complaint without prejudice is irrelevant in the absence of any indication of such intent at the time defendant's motion was granted. (*Herpe* v. *Herpe*, 225 N. Y. 323; *People ex rel. Hirschberg* v. *Orange Co. Ct.*, 271 N. Y. 151; *United Appraisal Co.* v. *Fuca*, 277 N. Y. 726; *Schenectady Trust Co.* v. *Emmons*, 290 N. Y. 225; *Kagan* v. *Avallone*, 243 App. Div. 437; *Tanner* v. *Tennenbaum*, 235 App. Div. 173; *Caruso* v. *Metropolitan 5 to 50 Cent Store*, 214 App. Div. 328; *Hollenbeck* v. *Aetna Cas. & Sur. Co.*, 215 App. Div. 609, 243 N. Y. 540; *Ziegler* v. *International Ry. Co.*, 232 App. Div. 43; *Cabang* v. *United States Shipping Bd. Merchant Fleet Corp.*, 227 App. Div. 751.)

*Per Curiam.* In this action for damages for personal injuries suffered by decedent in his lifetime, but unrelated to his later death, the plaintiff's complaint was dismissed at the close of her case for failure to establish his freedom from contributory negligence. The judgment of dismissal thereafter entered did not contain a recital that it was made " without prejudice " the effect of which was to make it a final determination on the merits and to bar the commencement of another action. (Civ. Prac. Act, § 482.) Later a motion made by plaintiff to amend and correct the judgment *nunc pro tunc* by inserting the words " without prejudice, and not on the merits " was granted at Special Term by the Justice who had presided at the trial. Upon appeal the Appellate Division reversed on the law and the facts and denied the plaintiff's motion. The plaintiff appeals to this court by permission of the Appellate Division and upon two certified questions inquiring whether the Special Term had the power to so amend and correct its order and secondly, whether its exercise constituted an abuse of discretion. In any event, whether the Appellate Division order be treated as a new final judgment or as a new final order, it nevertheless is a final determination appealable as of right. (Civ. Prac. Act, § 588; *S. J..E.*

*Bldg. Corp.* v. *Matt O. M. Constr. Co.,* 265 N. Y. 282.) More-over, the Appellate Division must be taken to have denied the plaintiff's motion in the exercise of discretion and not as a matter of law, with the result that no question is presented which we can reach. (*Schenectady Trust Co.* v. *Emmons,* 290 N. Y. 225.)

The order appealed from should be affirmed, with costs, and the questions certified not answered.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, DYE, FULD and BROMLEY, JJ., concur.

Order affirmed, etc.