In an equity action by appellant owner of residential property against lessees of that property to restrain the latter from collecting the rents paid by subtenants in occupancy thereof; for an accounting of such rents collected by the lessees; and to direct the subtenants to pay their rents to appellant, order and judgment (one paper) dismissing the complaint on the merits, reversed on the law and the facts, with costs, and judgment directed in appellant’s favor, with costs, enjoining the lessees from collecting rents from the occupants of the premises, requiring the lessees to account to appellant for rents collected by them from the occupants for the period subsequent to October 1, 1948; and directing the occupants to pay rent to appellant. Inconsistent findings and conclusions stated informally at Special Term are reversed and new findings will be made. It is our opinion that the uncontroverted record establishes that the lessees violated their covenant of the lease when they failed to remove the violations filed by the department of housing and buildings of the city of New York after notice of such violations; and that the lease was terminated as of September 30, 1948, by the service of notice of termination upon the lessees, pursuant to the provisions of the lease. Upon that termination of the lease, appellant, as owner of the property, became entitled to the rents paid by the occupants of the premises. (Belenky v. Colombo, 275 App. Div. 99; WMGA, Inc., v. Blockfront Bealty Gorp., 272 App. Div. 800; Caruso v. Witkin, 86 N. Y. S. 2d 837.) The lessees were not themselves occupants of the premises and were not entitled to the protection of the emergency rent laws. (Knickman v. Jlochfeld-Petri, 88 *1056 N. Y. S. 2d 346; Caruso v. Within, supra.) The issues in the dispossess proceeding in the Municipal Court were materially different than those presented in this action, and the dismissal of that proceeding “ without prejudice ” did not constitute res judicata in this action. (Belenky v. Colombo, 275 App. Div. 99, 101, supra; Watkins v. Pacific Finance Corp., 259 App. Div. 685, 687.) Nolan, P. J., Carswell, Johnston and Sneed, JJ., concur; Mae Crate, J., not voting. Settle order on notice. [See 278 App. Div. 570.]