CHARLES HUMBEUTEL, as Executor of ANNA HUMBEUTEL, Deceased, Appellant, *v.* HARRY HUMBEUTEL, Respondent.

Argued January 8, 1953; decided March 6, 1953.

*Edward Scherer* and *Sidney E. Friedman* for appellant. The amendment did not vary or change the judgment, and the court had the power to grant said amendment. (*Colson* v. *Pelgram,* 259 N. Y. 370; *Matter of Andrews,* 172 Misc. 373; *Schuehle* v. *Reiman,* 86 N. Y. 270; *Garlock* v. *Vandevort,* 128 N. Y. 374; *S. J. E. Bldg. Corp.* v. *Matt O. M. Constr. Co.,* 265 N. Y. 282; *Bohlen* v. *Metropolitan Elevated Ry. Co.,* 121 N. Y. 546.)

*Stuart Edward Levison* for respondent. A judgment once entered is final and except as expressly authorized by statute, the court cannot vary or change any provision thereof. (*Herpe* v. *Herpe,* 225 N. Y. 323; *Matter of Silbermann* v. *Morton,* 274 App. Div. 335; *Hydraulic Power Co.* v. *Pettebone-Cataract Paper Co.,* 194 App. Div. 819; *Allocco* v. *Rainone,* 73 N. Y. S. 2d 330; *Miltenberg & Samton* v. *Falkingham,* 273 App. Div. 631; *Duckworth* v. *Duckworth,* 200 Misc. 10.)

LOUGHRAN, Ch. J. This action was commenced by Anna Humbeutel against her son Harry Humbeutel to recover money and other property which she had entrusted to him. At the trial, he expressed his willingness to account for the things

claimed by her and an interlocutory judgment directing him to do so was entered. Such an account was taken and stated by an Official Referee whose report was confirmed. This led to entry of a final judgment directing the defendant to turn over cash and securities in his possession that belonged to his mother. The final judgment, however, did not fully conform to the interlocutory judgment, because the final judgment required the defendant to deliver the cash and securities in question to the Bronx County Trust Company as custodian for his mother, whereas the interlocutory judgment had required the defendant to make direct delivery thereof to her.

His mother died before she had signed a custodial agreement which counsel for the Bronx County Trust Company had prepared for her. Her son, Charles Humbeutel, was then appointed executor of her estate. In that capacity, he commanded the defendant Harry Humbeutel to deliver to him cash and securities that are here in question. A part thereof was turned over by the defendant but he refused to surrender a number of United States Savings Bonds that had been issued in the name of the mother as co-owner with one or another of her children. He also insisted on his asserted right to retain deposits that had been made in joint savings accounts bearing the names of himself and his mother.

In due course, Special Term ruled that Charles Humbeutel, as executor of his mother's estate, should be the plaintiff herein and also granted to him an order amending the final judgment *nunc pro tunc* by adding thereto a provision which directed that any property of the mother remaining under the defendant's control be turned over by him to the present plaintiff Charles Humbeutel as her executor. But the Special Term order so amending the final judgment was reversed by the Appellate Division on the law and the facts and the motion for that order was denied without prejudice to proper proceedings to establish the right of the plaintiff Charles Humbeutel to possession of the property in question (277 App. Div. 981). From that determination of the Appellate Division, the plaintiff Charles Humbeutel has appealed to us, as was his right (*S. J. E. Bldg. Corp.* v. *Matt O. M. Constr. Co.,* 265 N. Y. 282; *Hansen* v. *City of New York,* 299 N. Y. 136).

We cannot agree with the Appellate Division in its conclusion that Charles Humbeutel, as executor of his mother's estate, was required to take further proceedings to establish his right to possession of the property in question. For his mother's right to possession thereof had been conclusively established by the final judgment in this action. As her executor Charles Humbeutel was a continuation of her personality before the law for the purposes of judicial settlement of her estate and so he had the right to demand enforcement of the final judgment in this action — a right that had been brought about by operation of law (see Civ. Prac. Act, §§ 84, 557, subd. 3; § 654).

Moreover, the Special Term was compelled by the circumstances of the case to grant the motion for an amendment of the final judgment *nunc pro tunc*. The provision therein for a custodial agreement became inoperative when the mother died. Her personal representative had come into court — as he was bound to do — and had demanded possession of property which the final judgment had declared to be hers. The *nunc pro tunc* amendment of that judgment was necessary to effectuate the substantive provisions thereof and thus was quite in order (see Civ. Prac. Act, § 105; cf. *Herpe* v. *Herpe,* 225 N. Y. 323, 327).

The order of the Appellate Division should be reversed and that of Special Term affirmed, with costs in this court and in the Appellate Division.

Lewis, Conway, Desmond, Dye, Fuld and Froessel, JJ., concur.

Ordered accordingly.