Benjamin Brenner, J.
Defendant moves to dismiss the complaint pursuant to subdivision 4 of rule 107 of the Rules of Civil Practice on the ground that there is an existing final judgment of this court rendered on the merits.
The previous action was one to recover for personal injuries sustained by the plaintiff while he was a passenger in a truck owned by the defendant Becker Truck Renting Corp. At the conclusion of the plaintiff’s case the attorney for the defendant Becker Truck Renting Corp. moved to dismiss the complaint on a failure of proof to identify the truck in which plaintiff was injured as a truck belonging to Becker. The motion was granted without indication that the dismissal was on the merits. Nevertheless, the judgment thereafter entered dismissed the complaint on the merits. The present action is in all respects the same as the previous action except that now plaintiff identifies the truck as belonging to Becker.
Section 482 of the Civil Practice Act provides that: “ A dismissal of a complaint * * * at the close of plaintiff’s * * * evidence, is a final determination of the merits of the cause of action * * * unless the court shall dismiss without prejudice ” (Hansen v. City of New York, 274 App. Div. 196, affd. 299 N. Y. 136; Ziegler v. International Ry. Co., 232 App. Div. 43).
Our appellate courts, expressing disfavor of preclusion of a second action where the dismissal of the first was for a failure of proof (Watkins v. Pacific Finance Corp., 259 App. Div. 685). *698 have permitted modification of a judgment of dismissal to include the words “ not on the merits ” in order to permit the plaintiff to bring another action in which the required proof may be supplied (Maes & Co. v. Grace & Co., 208 App. Div. 833, affd. 239 N. Y. 519) but until the judgment is amended or modified it is conclusive as a judgment on the merits (Hollenbeck v. Ætna Cas. & Sur. Co., 215 App. Div. 609). Modification can only be made in a direct proceeding for that purpose (Caruso v. Metropolitan Five to Fifty Cent Store, 214 App. Div. 328; Hollenbeck v. Ætna Cas. & Sur. Co., supra).
The motion is accordingly granted without prejudice, however, to the plaintiff reinstituting the present action in the event the judgment in the previous action shall be modified to include the words “ not on the merits.” Settle order on notice.