Burke, J.
Claimant appeals from an order of the Appellate Division, Third Department, unanimously reversing an order of the Supreme Court, Sullivan County, granting claimant’s motion requesting that the Commissioners of Appraisal be directed to hear and determine claimant’s claim for damages to his property allegedly caused by the Never sink Dam.
Although not described as such, the instant motion was, and this is clear from the moving papers submitted in support of it, one for reargument of a motion earlier made and decided by Justice Deckelmak at Special Term, from which no appeal was taken and which it was now sought to have vacated. The motion for reargument was made long after claimant’s time to appeal from the original order had expired. It was granted on the *571 basis of Justice Deokelmau’s belief that Schroeder v. City of New York (371 U. S. 208), decided subsequent to his earlier decision, called for a different decision than that which he had earlier made.
The question of Schroeder’s applicability to the facts of this case is difficult indeed, but before this issue can even be reached there are preliminary problems which must be resolved, namely, determination of whether the order in this case is a final order appealable to this court and determination of whether the grant of reargument after claimant’s time to appeal had elapsed was proper as a matter of law.
In a situation such as this, where the effect of an Appellate Division reversal of Special Term’s grant of reargument and the entry of a new final order is to place the parties back precisely where they were under the original final determination, “ two competing principles operate.” (Cohen and Karger, Powers of the New York Court of Appeals, p. 151.) There is the principle of finality and there is the “ Countervailing * * * consideration that the decision by the Special Term constitutes a new and original final determination.” (Ibid.) In the past this court has, however, consistently found such orders to be final for purposes of our jurisdiction. (See Cohen and Karger, pp. 150-153, and the cases cited therein; see, also, Humbeutel v. Humbeutel, 305 N. Y. 159, 161, citing S.J.E. Bldg. Corp. v. Matt O.M. Constr. Co., 265 N. Y. 282, and Hansen v. City of New York, 299 N. Y. 136.)
More certainly fatal to appellant’s cause was the error of Special Term in granting his motion to set aside the prior order on the basis of Schroeder, decided by the United States Supreme Court in 1962, five years after the original order was served upon appellant. This earlier determination was a final order settling the rights of the parties under existing law (as the court viewed it). It held that appellant’s claim was barred by the Statute of Limitations and, additionally, that the relief requested was available only in an article 78 proceeding. No appeal was taken from this order. (Instead, appellant brought an article 78 proceeding, and here also failed, Avith Special Term there properly deciding that the Statute of Limitations issue had been conclusively determined by Justice Deckelmau. )
*572 Appellant’s attorney throughout his papers claims that he was forced into a “ procedural trap ” by Special Term’s statement in its opinion that the relief requested was available only in an article 78 proceeding, but this is simply not so. Special Term clearly indicated that its decision was based upon the fact that the claim was not timely, as well as upon the fact that an article 78 proceeding would be necessary. With no appeal having been taken from this determination, the city was entitled to rely upon it as a final determination of the matter.
Special Term’s later vacation of its prior determination on the basis of Schroecler was in our view improper as a matter of law. In Deeves v. Fabric Fire Hose Co. (14 N Y 2d 633) we considered this precise issue. There the question squarely presented was whether an original decision determining the rights and positions of the parties should be reversed on a motion for reargument made after the expiration of the time to appeal on the sole ground that, in the interim, an appellate court has overruled its own or another statement of existing law. The Appellate Division had decided that a motion for reargument could not be granted on such grounds after the time to appeal had expired (see 19 A D 2d 735) and to their certified question “ Was the order of this Court * * * properly made ”, we answered in the affirmative. (14 N Y 2d 633, 635.) While this result might at times seem harsh, there must be an end to lawsuits and the time to take an appeal cannot forever be extended. Absent the sort of circumstances mentioned in CPLR 5015, such as newly discovered evidence, fraud, lack of jurisdiction, etc., a determination of a court from which no appeal has been taken ought to remain inviolate. (Cf. Sears, Roebuck & Co. v. 9 Ave. 31-St. Corp., 274 N. Y. 388, 401-402, remittitur amd. 274 N. Y. 636; People ex rel. Bankers Trust Co. v. Graves, 270 N. Y. 316; Joannes Bros. Co. v. Lamborn, 237 N. Y. 207.)
In answer to the argument of the city that the grant of reargument on the basis of Schroecler was improper, appellant draws our attention to a series of decisions in which the Wisconsin Supreme Court was forced, by reason of a reversal by the United States Supreme Court, to hold that a plaintiff could successfully attack assessments by a public authority on the. basis of failure to provide proper notice, Avhere the Wisconsin *573 court had once held, on the merits, that notice was proper, and later had held that, despite an intervening United States Supreme Court decision to the contrary, its earlier determination constituted the “ law of the case (See Wisconsin Elec. Power Co. v. Milwaukee, 263 Wis. 111; 272 Wis. 575; 352 U. S. 948, 958; and 275 Wis. 121.) As the statement of the case the second time it was before the Wisconsin Supreme Court reveals, however, upon the original remand the plaintiff had obtained leave of court to plead over and the case was then before the court on the basis of the city’s demurrer to plaintiff’s amended complaint in the same proceeding. (See 272 Wis. 576.) It might well have been that the United States Supreme Court would not have taken this case after plaintiff had first lost in the Wisconsin Supreme Court, on the ground that plaintiff had not exhausted his State remedies, and, in any event, with the Wisconsin Supreme Court having given plaintiff leave to plead over, its earlier determination holding notice sufficient did not have the same effect of finally determining the ultimate rights of the parties that the original order of Justice Deckelman in the instant case did. In truth, the matter was still pending.
We arc of the opinion that the grant of reargument in the instant case was improper as a matter of law. On this basis we believe the order of the Appellate Division should be affirmed, without costs.
Chief Judge Fuld and Judges Van Voorhis, Scileppi, Bergan, Keating and Breitel concur.
Order affirmed.