In the Matter of SUSAN GRACKIN, Appellant, v MICHAEL GRACKIN, Respondent.—In a proceeding pursuant to article 3-A of the Domestic Relations Law (the Uniform Support of Dependents Law), petitioner appeals from an order of the Family Court, Queens County, dated November 1, 1976, which denied her motion for a "rehearing and reconsideration" of an order of the same court, dated April 12, 1976, which, on her application for increased child support, directed the respondent father to pay $50 per week for the support of the parties' two infant children. Order reversed, with $50 costs and disbursements, motion granted and proceeding remanded to the Family Court, Queens County, for a new hearing and a new determination on petitioner's application for increased child support. The parties to this appeal were married on August 14, 1965. There are two infant children of the marriage; they were born on February 25, 1966 and December 15, 1967,

respectively. On November 17, 1971 the parties executed a separation agreement in which the respondent agreed to pay child support of $20 per week, per child, and alimony of $30 per week. A judgment of divorce was entered on May 5, 1972 in the Supreme Court, Nassau County, predicated on the separation agreement. On September 17, 1975 the appellant wife petitioned the Family Court, Dutchess County, for support. The proceeding was transferred to the Family Court, Queens County. By order dated November 14, 1975, that court directed respondent to pay child support in the amount of $40 per week. On February 19, 1976 the wife petitioned the Family Court, Dutchess County, for an upward modification of child support. That application was also transferred to the Family Court, Queens County, which conducted a hearing on April 12, 1976 and granted an increase of $5 per week, per child, as requested by the wife's assigned counsel, the Corporation Counsel of the City of New York. The wife was not present at this hearing. In October, 1976 the wife moved in the Family Court, Queens County, for a "rehearing" of the February 19, 1976 petition, and for "reconsideration" of the court's order of April 12, 1976. The grounds for this motion were that the upward modification was inadequate as a matter of law, and that respondent's testimony at the modification hearing was fraudulent. On November 1, 1976 the court denied the wife's motion on the grounds that the time for making a motion to reargue had expired and that there had been adequate opportunity, at the April 12 hearing, to cross-examine the husband regarding any allegedly false testimony. If the wife's motion is deemed to be one to reargue, it was not timely, since it was not made before the time to appeal from the order of April 12, 1976 had expired (see *Matter of Huie [Furman]*, 20 NY2d 568). In *Matter of Huie* the court noted that the rule barring reargument after the time to appeal has expired may seem harsh and stated (p 572) that "Absent the sort of circumstances mentioned in CPLR 5015, such as newly discovered evidence, fraud, lack of jurisdiction, etc., a determination of a court from which no appeal has been taken ought to remain inviolate." The affidavit submitted by the wife in support of her motion sets forth facts that, if proven, would show respondent's testimony at the April 12 hearing to have been fraudulent. Neither the fact that the wife did not appear at the hearing in question, nor the corporation counsel's failure to more zealously cross-examine respondent, should operate to deny the two children a proper level of support. In fact, the Family Court noted that the needs of the children had increased a "great deal" since the execution of the separation agreement; yet it felt that an increase of $5 per child, per week, was satisfactory. Since it cannot be determined what effect respondent's uncontradicted testimony as to the actual level of support he is providing had on the court's decision, the best interests of the children require that a new hearing be held. Hopkins, J. P., Martuscello, Margett and O'Connor, JJ., concur.