101 Cooper Street LLC, Petitioner-Landlord-Respondent, 
against
Miles Beckwith and Mary McCune, Respondents-Tenants-Appellants.



Tenants, as limited by their briefs, appeal from that portion of (1) an order of the Civil Court of the City of New York, New York County (Brenda S. Spears, J.), dated February 6, 2015, which granted landlord's motion to strike the first affirmative defense and counterclaim for breach of the warranty of habitability on the grounds of res judicata, (2) an order (same court and Judge), dated February 6, 2015, which denied tenants' cross motion to dismiss the proceeding pursuant to CPLR 5013 and/or for leave to file an amended answer alleging res judicata and (3) an order (same court and Judge) dated February 9, 2016, which denied tenants' motion to renew or reargue the orders of February 6, 2015.




Per Curiam.
Order (Brenda S. Spears, J.), dated February 6, 2015, modified to reinstate tenants' breach of the warranty of habitability counterclaim except to the extent that it relates to the time period February 2012 through July 2013; as modified, order affirmed, without costs. Order (Brenda S. Spears, J.), dated February 6, 2015, reversed, without costs, tenants' cross motion granted, the petition dismissed and the warranty of habitability counterclaim severed. Appeal from order (Brenda S. Spears, J.), dated February 9, 2016, dismissed, without costs, as academic with respect to renewal and as taken from a nonappealable order with respect to reargument.
In a prior (2012) nonpayment proceeding between the parties, landlord sought rent for the period February 2012 through July 2013, and tenants interposed a counterclaim for breach of the warranty of habitability. Following the close of evidence in that proceeding, Civil Court (Jack Stoller, J.), dismissed both the nonpayment petition and tenants' counterclaim based upon a failure of proof. Judge Stoller's written decision did not indicate that the dismissal of either the petition or counterclaim was not on the merits or without prejudice. Nor did landlord or tenants appeal that determination, or make a motion to have the judgment recite that the dismissal was without prejudice.
Pursuant to CPLR 5013, "a judgment dismissing a cause of action after the close of the proponent's evidence is a dismissal on the merits unless it specifies otherwise." Since Judge [*2]Stoller did not indicate that his dismissal of either the petition or counterclaim was without prejudice, his determination, whether correct or erroneous, bars the parties from relitigating the same causes of action in this proceeding (see CPLR 5013; Plantin v All City Ins. Co., 290 AD2d 327 [2002]; Hansen v City of New York, 274 App Div 196 [1948], affd 299 NY 136 [1949]). However, to the extent that tenants' habitability counterclaim in this proceeding relates to a time period not at issue in the prior proceeding, it is not barred (see generally UBS Sec. LLC v Highland Capital Mgt., L.P. 86 AD3d 469, 476 [2011]). The warranty of habitability may be asserted to obtain a refund of rent already paid (see Alp Realty Corp. v Huttick, 160 Misc 2d 76 [App Term, 1st Dept 1994]).
We have considered and rejected the parties' remaining arguments, including landlord's argument that we must dismiss the appeal due to tenants' failure to comply with this Court's rules for perfecting an appeal (see 22 NYCRR § 640.6[a][1]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: May 25, 2017