CARUSO, RINELLA, BATTAGLIA COMPANY, INC., Respondent, *v.* THE NEW YORK CENTRAL RAILROAD COMPANY, Appellant.

Third Department, January 17, 1928.

Carriers — carriers of freight — action to recover damages for delay in delivering carload of strawberries — strawberries were shipped from Selbyville, Del., consigned to owner at Jersey City — strawberries were sold to plaintiff and reconsigned in transit — car did not arrive at point of destination in time for Saturday market — market fell over Sunday and plaintiff seeks to recover damages based on fallen market — judgment in favor of plaintiff was improper since there was failure of proof that delay was caused by defendant, final carrier.

The plaintiff seeks to recover damages based upon a delay by the defendant in delivering a carload of strawberries at Schenectady, N. Y. The car was loaded at and shipped from Selbyville, Del., on June 13, 1923, consigned to shipper at Jersey City, but there is no evidence as to the hour when the loading was completed or when the movement began. The plaintiff purchased the berries in transit and the car was reconsigned to it at Schenectady, N. Y., over the line of the defendant, but neither the day nor the hour of reconsignment is shown by the evidence. The berries reached Schenectady on Saturday, June 16, 1923, too late for the wholesale market on that day, and it was necessary to hold them over until the following Monday, during which time the market fell. The evidence shows that the usual running time between Selbyville and Schenectady is thirty-six hours.

The defendant is not liable for any delay on the line of the initial carrier, and there is no presumption, in an action to recover damages for delay in delivery,

372  CARUSO, RINELLA, BATTAGLIA CO., INC., *v.* N. Y. C. R. R. Co.

Third Department, January, 1928.                    [Vol. 222

that the delay occurred on the line of the final carrier, but the burden is on the plaintiff to establish that the defendant, the final carrier, is responsible for the delay in the shipment of the berries. This burden the plaintiff failed to sustain, and, therefore, there was failure of proof, and it was error to render a judgment in favor of the plaintiff.

APPEAL by the defendant from a judgment and an order of the Supreme Court, entered in the office of the clerk of the county of Schenectady on the 16th day of May, 1927.

*Whalen, Murphy, McNamee & Creble* [*Charles E. Nichols, Jr.,* and *William A. Winston* of counsel], for the appellant.

*Harry M. Schaffer,* for the respondent.

VAN KIRK, J.  For the purposes of this appeal we may assume the following facts: On Wednesday, June 13, 1923, Frank Jefferson shipped by the Pennsylvania railroad a quantity of strawberries from Selbyville, Del., consigned to himself at Jersey City, N. J. The berries were loaded by the shipper, but neither the hour when the loading was completed, nor when the movement began or should have begun, is shown. These berries were purchased while in transit by this plaintiff and reconsigned to it at Schenectady, N. Y., over the line of defendant. Neither the day nor the hour of this reconsignment is shown. The berries reached Schenectady about eight-thirty A. M., June sixteenth. The plaintiff is a wholesale dealer. The wholesale market in Schenectady, daily except Sunday, is from two A. M., to seven A. M. The berries arrived on Saturday, but too late for the market of that day and were in consequence held over for the following Monday market. Between Saturday and Monday there was a fall in the market price of strawberries. The usual running time between Selbyville and Schenectady is thirty-six hours; or, as expressed by another witness, berries shipped at Selbyville on June thirteenth should have arrived the third morning after the date of shipping.

No claim for spoiled berries is made; these berries arrived in good condition. The sole ground for plaintiff's claim is that the goods were not shipped with reasonable dispatch; that they should have reached Schenectady in time for the Saturday market, June sixteenth, but did not; in consequence the plaintiff sustained a money loss, to recover which this action is brought. The common-law rule of liability prevails here. There was no special contract between the parties and no statute modifying the common-law liability of a carrier, other than that of the initial carrier by the Carmack Amendment of section 20 of the Interstate Commerce Act (Act of June 29, 1906, chap. 3591). (See *N. Y. & Norfolk R. R.* v. *Peninsula Exchange,* 240 U. S. 34.) This defendant was

not the initial carrier and risk of any liability of defendant for a failure to make delivery with reasonable dispatch began when the strawberries were delivered to it at Jersey City and ended when they were delivered at Schenectady; it is not liable for a delay on the line of the Pennsylvania railroad. (*Oregon-Washington Company* v. *McGinn,* 258 U. S. 409; *Sherman* v. *Hudson River R. R. Co.,* 64 N. Y. 254, 260.) There is no evidence in the case that this defendant failed to transport the shipment over its line with reasonable dispatch.

But it is claimed by plaintiff that it made out a *prima facie* case against this defendant by proof that the delivery was delayed beyond a reasonable time between Selbyville and Schenectady; and that it was for the defendant to show that this delay did not occur while the shipment was in its custody. We think the position is untenable; the plaintiff fails to distinguish between a liability for spoiled goods delivered and a liability for delay and the consequent loss of a particular market. If goods when delivered to a carrier are in good condition, but when delivered to the consignee are in bad condition, the presumption is entertained that the damage occurred on the line of the final carrier. The reason for this rule is that, when the good condition has been shown to exist, it is presumed to continue until proof is furnished showing that that condition has changed. (*Chicago & N. W. R. Co.* v. *Whitnack Co.,* 258 U. S. 369, 372; *Smith* v. *N. Y. Central R. R. Co.,* 43 Barb. 225.) But no such presumption exists where the ground of liability is a delay which caused the loss of a market on a particular day; there is no presumption that the delay occurred upon one line rather than the other, no condition is shown to exist which is presumed to continue. We are not in this case even informed when the train carrying the berries started. The delay may have been on the line of the Pennsylvania Railroad Company as well as on the line of the defendant and there is no proof, direct or by inference or presumption, to indicate on which. (*Ruppert* v. *Brooklyn Heights R. R. Co.,* 154 N. Y. 90.) The burden is on the plaintiff to prove a *prima facie* case; a defendant may not be required to prove a case against itself. (*Griffen* v. *Manice,* 166 N. Y. 188, 196.) The cases cited by the plaintiff do not sustain its position. In some of the cases cited there was but one carrier; in others the action was against the initial carrier and the Carmack Amendment applied; and in others the claim was made for goods damaged or spoiled while in the course of shipment.

At the close of plaintiff's case, and again at the close of the evidence, the defendant moved for a dismissal on account of failure of proof. There was a failure of proof. The complaint

should have been dismissed without prejudice. (Civ. Prac. Act, § 482.) Still it is the opinion of the court that the judgment should be reversed and a new trial granted, with costs to the appellant to abide the event.

COCHRANE, P. J., HINMAN, DAVIS and WHITMYER, JJ., concur.

Judgment and order reversed on the law and facts and new trial granted, with costs to the appellant to abide the event.