George Frankenthaler, S.
The trustees of the sole residuary trust have filed an intermediate account of their proceedings, and they ask a construction of the will in respect of the nature of the remainder interest of Gibson Lewis, the deceased son of the life beneficiary and cotrustee, Katherine Gibson Fougera. Construction of the will is. proper at this time because the number of assignments made by Gibson Lewis and by certain of his assignees has greatly increased the number of interested parties, whose continuance in future proceedings is dependent on whether his interest was indefeasibly vested or whether it ceased upon his death. All of the assignees argue, of course, for an indefeasible vesting of the remainder in Gibson Lewis prior to his death. Mrs. Fougera, who was the *512 only child of the testatrix, views the remainder as contingent upon her son’s survival of her, as well as his attaining the age of 30 years. She is joined in that interpretation of the will by the two children of Gibson Lewis, one of whom is represented by a special guardian.
The testatrix executed her will on November 17, 1931. She died in 1934, survived by her only child and her only grandchild. The grandson, Gibson Lewis, became 30 years of age on March 17, 1931, eight months before the will was executed, and he was 33 years of age when the testatrix died. He died on November 24, 1954. The daughter of the testatrix is still living. She had no other children.
The will of the testatrix is simple, consisting of three paragraphs. The first contains a brief direction for payment of debts and the third merely appoints the executors and trustees. The second paragraph reads: “ All the rest, residue and remainder of my estate, both real and personal, wheresoever situated, I give, devise and bequeath to my executors hereinafter appointed, to wit, City Bank Farmers Trust Company and my daughter, Katherine Gibson Fougera, in trust, nevertheless, for the following uses and purposes: To collect the rents, issues and profits therefrom during the lifetime of my daughter Katherine Gibson Fougera, and to pay over the said net income therefrom to her quarterly. Upon the death of my said daughter Katherine Gibson Fougera, I direct that the whole of the income of the said trust estate shall go to my grandson Gibson Lewis, or if there should be other grandchildren, heirs of the body of my daughter Katherine Gibson Fougera, such grandchildren to take equal parts of such income with the said Gibson Lewis, said trust estate being divided into as many parts as there are grandchildren, the income of each part to go to each child until such child attains the age of thirty years, and upon attaining such age of thirty years, the principal of each separate trust to each grandchild shall go to such grandchild, his heirs and assigns, to have and to hold absolutely forever.” The paragraph concludes with a terse authorization to retain the decedent’s assets or to sell them and reinvest the proceeds “ in good investments.”
One thing, at least, is clear from the reading of the text just quoted, and that is that this testatrix never took thought of the possibility that her only grandson would die before her daughter. She did envision the possibility that there might be other grandchildren to share the remainder with him and thus to reduce his portion. His early death, however, was a a contingency that never entered into her thinking.
*513 When, therefore, we begin to search the four corners of this will to find her intent with respect to distribution in the event that no grandchild survived the trust term, we recognize that we are searching not for a real intent deliberately formed, but rather for that intent which the law will ascribe to her language. “ The question in such circumstances is one not of intention in the proper sense, but of the legal implications of one formula or another.” (New York Life Ins. & Trust Co. v. Winthrop, 237 N. Y. 93, 109; Matter of Chalmers, 264 N. Y. 239, 246.)
On the day the testatrix made her will she had only one grandson, Gibson Lewis, and he was then in his 31st year. Reading the will in the light of these facts, it says that upon the death of the daughter of the testatrix, the whole of the income of the trust estate shall go to Gibson Lewis and the principal shall go to him, to have and to hold absolutely and forever. It is true that the testatrix did not use the familiar words of present gift, “ I give and bequeath the principal to him.” The words which she has used, however, can be read as having the same meaning, particularly when they are read against the background which existed when they were written.
We have said that the words may be so read; not that they must necessarily be thus read. One person may draw different inferences than another person as to whether the words import a present, indefeasible gift or whether futurity was annexed to the substance of the gift. Our effort is to interpret her will, without injecting any of our own ideas into her plan. If conflicting inferences may fairly be drawn from the same language, the scales are turned by the application of legal principles which the law commands us to use when other tokens of clear intent are lacking.
First, there is the presumption in favor of early indefeasibility which ‘‘ will not be disregarded unless the testamentary language employed makes such a course mandatory.” (Matter of Campbell, 307 N. Y. 29, 34; Matter of Krooss, 302 N. Y. 424, 427.) Secondly, an interpretation of a will that would result in intestacy as to the entire remainder is to be avoided, if reasonably possible. (Matter of Hayes, 263 N. Y. 219, 225; Waterman v. New York Life Ins. & Trust Co., 237 N. Y. 293, 300; Matter of Ossman v. Van Roemer, 221 N. Y. 381, 387; Matter of Butler, 1 A D 2d 548, 551.) Finally, there is the rule that the absence of both an alternative and a supplanting limitation tends to establish that the remainder, interest is free from any requirement of survival ‘ ‘ whenever such construction results in more interests being disposed of than would otherwise be disposed of” by the instrument. (Restatement, *514 Property, § 255.) All of these rules of construction tend to establish an indefeasible vesting of the remainder in Gibson Lewis.
The court, therefore, holds that the text of this will, read in the light of surrounding circumstances and confirmed by the applicable canons of construction, vested the entire remainder in Gibson Lewis on the death of the testatrix. His remainder interest was subject to letting in any other grandchildren that might have been born to the life beneficiary. It was not subject to defeasance by his death during the trust term.
The issues raised by the answers will be set down for hearing by a later direction of this court.
Proceed accordingly.