Joseph A. Cox, S.
In this proceeding for the settlement of the intermediate account of the trustees, a decision construing the will was filed by Mr. Surrogate Frankenthaler (7 Misc 2d 510). Objections had been filed to various assignments of remainder interests by a person now deceased, whose interest in the remainder has been determined to have vested indefeasibly in him. This court set down for hearing the remaining issues in this proceeding. At the hearing all counsel were agreed that all of the objections had been disposed of except such as relate to the assignment to Simeon Wolf man. Trial counsel for the objectants was willing to withdraw the remaining objections but was not authorized to withdraw them with prejudice, as demanded by counsel for the assignee. Counsel for the objectants was directed to proceed with his proof. No evidence w!as offered. Therefore, the objections to the Wolf man assignment were dismissed for failure of proof. Under the circumstances, such dismissal is a dismissal on the merits (Civ. Prac. Act, § 482; Hansen v. City of New York, 274 App. Div. 196, 198; Ziegler v. International Ry. Co., 232 App. Div. 43).
Counsel for the other assignees asked the court to rule that the objections to their assignments had also been determined on the merits. The court stated that all objections then before the court were dismissed for failure of proof. However, an examination of the record shows that no other objections were before the court at that time and no further ruling was required or justified.
The record of action on the other objections is different from the recollection of counsel on the argument. Two of the respondents had filed answers which challenged the validity of all assignments on the ground of usury. An order dated Novem *539 ber 14, 1955 struck out all of the allegations of usury in both answers insofar as they related to the assignees named in that order. A stipulation dated November 1, 1955 withdrew all of the allegations of both answers in respect of the assignee, Legatees Funding Corporation. The words “ with prejudice ” originally appeared in that stipulation, but were deleted. There is no necessity for the court to determine now what legal effect the order or the stipulation may have in some future proceeding, or to what extent it will preclude the objectants or their successors from raising the same or different issues. Moreover, it would be improper to make such determination when the request of the assignees was predicated upon an assumption of facts not strictly in accord with what the record shows. All parties must stand on the record which they have made in this proceeding.
In its supplemental petition, the trustees ask the court to ‘ ‘ determine the validity of the several assignments made by said Gibson Lewis, deceased ”. No evidence has been submitted in respect of any of the assignments except the report in the accounting of the recording of the assignments. The trust is a continuing trust and all questions of actual distribution of the trust fund are presently academic. No ruling is presently required on this request of the trustees except for such determinations as have been made as between assignees and respondents.
Submit decree on notice construing the will in accordance with the decision of Mr. Surrogate Frankenthaler, and settling the account in accordance with the directions given hereinabove and the terms of any intermediate order or orders herein.