■ A. C. ISRAEL COMMODITY CO., INC., et al., Respondents, v. ANGFARTYGS A. TIRFING, Respondent-Appellant and Third-Party Plaintiff-Respondent. JULES S. SOTTNEK COMPANY, INC., Third-Party Defendant-Appellant, et al., Defendant.— Judgment so far as appealed from unanimously affirmed, with costs to the plaintiffs-respondents. The third-party defendant's contention that the tide which caused the damages was unprecedented does not suffice to undermine the verdict and judgment. There had been previous lesser floods of the pier and an issue of fact was tendered whether the precautions, suggested by the previous floods, had been taken. Thus, a flooding of the pier of less than the unprecedented level which occurred would have caused some of the damage. Since the parties stipulated the amount of the damage, the jury was not required to assess how much of the damage was due to the failure to take these precautions. On this view, the further argument of the third-party defendant that there was "nothing" it could have done to prevent the damage is of no avail on this record, howsoever that issue might be raised in another case. Concur — Botein, P. J., Breitel, Rabin, McNally and Bergan, JJ.

■ In the Matter of HARRY L. KOENIG, Appellant, against ÆTNA CASUALTY & SURETY Co. et al., Respondents.— Order denying petition to fix attorney's statutory lien under section 475 of the Judiciary Law unanimously reversed on the law and in the exercise of discretion, and the petition granted, with costs to appellant. On the papers it is undisputed that plaintiff's attorney served the summons on defendant Knickerbocker prior to a settlement by the carrier. As a consequence, the statutory lien attached and any settlement made by the carrier, as representative of defendant, was at its peril. However, it also appears from the papers without dispute that when the settlement was made the carrier's representative had notice that there might be a retained lawyer, albeit at that time it did not know whether a summons had been served. In these circumstances, there is no issue tendered to defeat the attorney's lien. Since under the retainer, which is also undisputed, the attorney is entitled to $820, the lien is fixed in that amount. While the statute appears to make no provision for fixing the lien as to the carrier, but only as to the other parties to the action, since the carrier had not interposed that objection at Special Term or in this court, it has waived the issue. Settle order on notice. Concur — Botein, P. J., Breitel, M. M. Frank, McNally and Stevens, JJ.

■ GERTRUDE MEYERS, Appellant, v. CITY OF NEW YORK, Respondent.— Order unanimously affirmed, with $20 costs and disbursements to the respondent. Under the circumstances of this case, Special Term appropriately exercised its discretion in denying this motion for a preference under rule 151 of the Rules of Civil Practice. The plaintiff delayed making this application for a preference under rule 151 for approximately nine months after issue was joined. The papers do not include an affidavit by the plaintiff and no showing of a meritorious cause of action is made. As we have heretofore stated, the plaintiff has the burden of establishing the right to a preference under the rule, and the application may not be lightly granted (see *Dodumoff v. Lyons*, 4 A D 2d 626). Concur — Botein, P. J., Breitel, M. M. Frank, McNally and Stevens, JJ.