(xgokge P. Stieb, J.
This action was instituted by plaintiff to set aside and cancel a deed to premises 96-08 Northern Boulevard, conveying title from defendant Archer, as executor, to defendant Mary A. Franeescone, to cancel a deed from defendant Frances-cone to defendants Bobert Jennings and Clyde Jennings, and to impress a trust on the moneys received by defendants Archer, Curcio and Franeescone for such conveyances. This action was consolidated with a summary proceeding in the Municipal Court by order of this court dated January 22, 1960. This trial was before the court.
Plaintiff and defendant Archer were each devised a one-quarter interest in premises 96-08 Northern Boulevard, Corona, under the last will and testament of Viola B. Edwards, who died on July 16, 1955. Letters testamentary were issued to defendant Archer on October 31, 1955, who thereafter entered upon the discharge of his duties as executor. On or about January 27, 1958 defendant Archer filed an accounting in the Surrogate’s Court, and on or about February 6, 1959 he was surcharged approximately the sum of $4,400. From an affirmance of that order by the Appellate Division (12 A D 2d 493) the defendant Archer is making an application to the Court of Appeals for leave to appeal. (Motion for leave to appeal denied 9 N T 2d 610.) Defendant Archer, up to the date of trial, has failed to pay any portion of the moneys so surcharged.
The decedent left only the sum of $306 in cash in addition to the real estate and defendant Archer claimed that he was compelled to borrow moneys to pay funeral expenses.
*804 The property involved in this action was subject to a first mortgage in the amount of $2,640, a second mortgage in the sum of $2,940 owned by defendant Curcio and an FHA loan in the amount of $1,000. Subsequent to the death of the decedent defendant Archer made amortization payments amounting to $1,194.17, leaving an unpaid balance due on the second mortgage in the sum of $1,745.83:
On May 22, 1959 defendant Curcio made written demand upon defendant Archer for payment, within 20 days, of the arrears of interest due since February 1, 1958 and arrears in amortization due since May 1, 1958. On July 7, 1959 defendant Curcio commenced an action to foreclose the second mortgage. Thereafter, and on or about August 5,1959 the defendant Curcio, rather than continue with the foreclosure, entered into a contract with defendant Archer, as executor, and the plaintiff herein, who was represented by her own attorney, for the sale of the said property for the sum of $9,000. Subsequently, and after a title report revealed a violation, which it was estimated would cost between $2,500 to $3,000 to remove, defendants Archer, Curcio and plaintiff’s attorney agreed to reduce the purchase price to $8,000. The plaintiff, however, testified that she was neither consulted about nor consented to the reduction in the purchase price.
Prior to closing title, and on or about August 8, 1959, defendant Curcio made an offer to sell the property to plaintiff which she accepted and one of her relatives gave him a check in the sum of $500 as a binder. Payment on said check was thereafter stopped and plaintiff gave written notice to defendant Curcio that she refused to purchase the property and returned the binder. On or about September 30, 1959 title to the premises was conveyed by the defendant Archer, as executor, to the defendant Curcio’s wife, Mary A. Francescone. Defendant Curcio negotiated with defendants Jennings for the sale of the property to them, and on September 21, 1959 entered into a contract with the defendants Jennings for the sale of the property for the sum of $13,250. Title was thereafter conveyed to defendants Jennings on or about October 5, 1959.
Plaintiff further testified that defendant Curcio had stated that he paid defendant Archer and plaintiff’s attorney $500 each. Defendant Curcio denied making such statement and defendant Archer denied having ever been paid any moneys by defendant Curcio. Defendant Archer testified he first met defendants Jennings when he became the executor of the estate, and thereafter prepared income tax returns for them, and *805 further admitted that he represented defendants Jennings in the purchase of the property from defendant Francescone.
At first impression the difference in the price paid by the defendant Curcio for the property and the price subsequently received by him on a resale tended to lend credence to plaintiff’s contention. However, the pendency of the foreclosure action making’ the sale to defendant Francescone a distress sale would account for the discrepancy in price and the further fact that plaintiff herself, represented by her own attorney, signed the contract for the sale to defendant Francescone, wife of defendant Curcio, refutes her present contention that she was the unwitting victim of a conspiracy.
If the plaintiff can establish that the failure of defendant Archer to pay the amount with which he was surcharged caused the default on the second mortgage, it may render defendant Archer liable to her for damages but does not establish the conspiracy alleged in this complaint.
After carefully reviewing all the evidence this court finds that plaintiff has failed to prove her case by a fair preponderance of the credible testimony.
The court, therefore, finds judgment for defendants dismissing the plaintiff’s complaint.
In the consolidated summary proceeding petitioners failed to establish any landlord-tenant relationship between them and the respondent Bula Luncheon Carbury. While it is true that the contract of sale to Mary A. Francescone contained a provision ‘ ‘ and Mrs. Luncheon one of the owners to continue as a tenant under a one year lease at a rental of (per month) $80.00 ’ ’, no such lease was ever entered into and respondent Luncheon disputed the petitioners’ ownership of the property and never recognized petitioners as landlords or agreed to pay any rental to them.
The landlord-tenancy relationship results from the agreement of the parties and mere occupancy and nothing more is insufficient to imply tenancy. (Thackray v. Ritz, 130 Misc. 403 ; Vogel v. Finkelstien, 82 N. Y. S. 2d 861 ; Gasoff Realty Corp. v. Berger, 188 Misc. 622.)
No landlord-tenancy relationship between petitioner and Bula Luncheon Carbury having been proved, the court finds judgment for die respondent Bula Luncheon Carbury.