OPINION OF THE COURT
Jay Stuart Dankberg, J.
Is a dismissal “on the merits” when it results for failure of proof at the conclusion of a prima facie case? Are there circumstances — for example, requirements of purely technical proof (normally pro forma in nature) — when a court should give a “second bite at the apple” to the party commencing the litigation?
These vexing questions are raised in this nonpayment summary proceeding by respondent’s motion for an order dismissing the petition pursuant to CPLR 3211 (subd [a], par 5) on the ground of res judicata and for an order granting injunctive relief. Cross motion by petitioner for an order amending the petition to include an allegation concerning months accrued subsequent to the institution of *450 the instant proceeding. The motion and cross motion are consolidated for decision.
Neither counsels’ nor the court’s research has uncovered any reported decision concerning failure of proof on the initial lawsuit of both substantive and technical elements of a prima facie case in a summary proceeding. Accordingly, this is a decision of apparent first impression.
FACTS
In the first proceeding, as amended on consent at trial, petitioner claimed nonpayment of rent from June, 1980 to March 31, 1981 at a monthly rate of $172. The instant proceeding alleges nonpayment of June, 1980 again, now in the sum of $203.78; July, 1980 to and including March, 1981 are each presently sought at $226.20 per month! In the submitted papers, petitioner presently proffers no palpable proof for this discrepancy in moneys claimed to represent an amount pursuant to a “[blank] rental agreement heretofore made between respondent and the landlord [landlord’s predecessor], wherein respondent promised to pay to landlord as rent” an amount specified in a different sum at paragraph “2” of each of the two petitions.
Prior to trial, this court notified both attorneys that the CRT (computer terminal) on the court’s bench revealed an inconsistency between the pleaded registered agent and that person apparently on file at the Office of Code Enforcement. Since prima facie judicial notice would be taken of such official computerized records (Multiple Dwelling Law, § 328, subd 3), it was suggested to petitioner’s attorney to furnish a certified copy of the “currently effective” registration statement at the trial if petitioner contended that the CRT was in error. Petitioner chose to disregard this advice.
The first proceeding was dismissed by this court at the conclusion of petitioner’s case, for “failure of proof” of a prima facie case. Specifically deletéd by the court from the form decision were both the words “on the merits” and “without prejudice”. Since no proof had been taken, counterclaims interposed by respondent were “dismissed without prejudice”. Additionally, costs of $22.50 were awarded to respondent as a “prevailing party” (RPAPL 747, subd 1; *451 see CCA, § 1902, subds [c], [d]; § 1903, subds [d], [m]; § 1911, subd [k]). A “final judgment” was duly entered in respondent’s favor.
It was found that petitioner had failed to prove that a landlord-tenant relationship existed between the parties; did not demonstrate that she was a member in good standing of the Rent Stabilization Association (RSA) at the inception of the proceeding or that the subject apartment was registered with the RSA; and did not show, pursuant to article 41 of the Housing Maintenance Code (Administrative Code of City of New York, ch 26, subtit 4) that there was a “currently effective” multiple dwelling registration statement on file with the Office of Code Enforcement at the commencement of this lawsuit. Pleading and proof of these last two items are required pursuant to RPAPL 741, 711 and 22 NYCRR 2900.21 (e), (f) (Rules of the Civil Court) — proof of the first is essential in a summary proceeding alleging nonpayment of rent.
Petitioner has filed a notice of appeal from that decision. As of this writing, that appeal has apparently not been perfected or argued. Whether that decision is correct or not will ultimately be determined on appeal. Obviously, this court thought that decision correct when rendered, else a different result there would have been. No application has been made to correct, modify, amend, reargue or reconsider said decision. No application had been made at trial to obtain any witness or evidence necessary to prove a prima facie case.
However, annexed to the cross motion are photocopies of documents indicating that six days after the first proceeding was dismissed, and one day prior to the commencement of the second proceeding, petitioner reregistered the premises at the Office of Code Enforcement (interestingly, the certification “rubber stamp” appears to have been prepared by the city official one day prior to the statement’s execution by petitioner). The identity of the managing agent pleaded in the second proceeding, in accordance with this new registration statement, is different from that claimed (but not proven) in the initial lawsuit.
Moreover, also attached is a photocopy of a “membership certificate” from the Rent Stabilization Association of New *452 York City, Inc. It shows the name of one Anton Schuch (neither a party to nor a person named in the first proceeding; however, he is the new. managing agent); that the building involved in this litigation was the “property location”; that eight dwelling units were registered (the subject building apparently contains 10 apartments [Multiple Dwelling Law, §328, subd 3]); and that the “owner is a member in good standing” of the RSA for the time period expiring April 30, 1981. There is no identity of the “owner”; no listing of which specific units were registered; no commencement date when the certificate took effect; no “original signatures” on this membership “certificate”. From the photocopy, moreover, the certificate appears to be a mere computer printout form from a private corporation, containing an account number that is similar to, but not identical with, the required pleading of an RSA membership number.
Finally, petitioner argues that since “there was no question raised as to the occupancy of the apartment by [respondent] *** it must be presumed in law that there is an implied agreement to pay rent for the occupancy of an apartment.”
Respondent replies that petitioner is barred from relitigating her claim for possession and rent under principles of res judicata. She also contends petitioner is collaterally estopped from raising any of the issues decided in the first proceeding.
As a final point, respondent requests an injunction restraining petitioner from “harassing” respondent. Such claims are disputed by petitioner in her affidavit in opposition.
ON THE MERITS
CPLR 5013 provides that “a judgment dismissing a cause of action after the close of the proponent’s evidence is a dismissal on the merits unless it specifies otherwise” (Roland v Hubbard, 36 AD2d 599; Hansen v City of New York, 274 App Div 196).
New York courts appear to be split on the question whether a dismissal for failure of proof should be with or without prejudice (cf. Ziegler v International Ry. Co., 232 *453 App Div 43, and Matter of City Bank Farmers Trust Co., 7 Misc 2d 537, with Caruso, Rinella, Battaglia Co. v New York Cent. R.R. Co., 222 App Div 371).
Some cases hold that dismissal for failure of proof is with prejudice unless the evidence to make out a prima facie case is “readily available” (see Giglio v Haber, 19 AD2d 793; Assenzio v Sims, NYLJ, July 9, 1981, p 12, col 3).
Moreover, while there are differences as to the consequences of a dismissal for failure of proof, there is agreement that — irrespective of whether the first lawsuit was dismissed “with” or “without” prejudice — in a subsequent proceeding relitigating the same issues, the party bringing the suit must provide the evidence not previously produced or else suffer a dismissal of the second with prejudice. The dismissal of the first is a bar to the second action (Linton v Perry Knitting Co., 295 NY 14, 17; Marine Midland Bank-Western v Movable Homes, 61 AD2d 1139; Flynn v Sinclair Oil Corp., 20 AD2d 636, affd 14 NY2d 853; Restatement, Judgments, §50, esp comment c).
“Although the phrasing of CPLR 5013 establishes a presumption that a dismissal at any time after the completion of the proponent’s proof is on the merits, the court’s power to frame the judgment frequently is invoked to offset that presumption when other circumstances warrant a further hearing on the merits of the action. Thus, for example, some courts have expressed a distaste for barring a second action because of a dismissal for failure of proof in the first action. The court’s invocation of its power to dismiss without prejudice when there has been a failure of proof is proper if the court believes that the plaintiff’s claim is meritorious and that the plaintiff should be given another opportunity to establish his cause of action.” (5 Weinstein-Korn-Miller, NY Civ Prac, par 5013.03.)
As was stated in De Laurentis v Seafarers Port O’Call Corp. (6 Misc 2d 697, 697-698, affd 5 AD2d 674): “Our appellate courts, expressing disfavor of preclusion of a second action where the dismissal of the first was for a failure of proof * * * have permitted modification of a judgment of dismissal to include the words ‘not on the merits’ in order to permit the plaintiff to bring another *454 action in which the required proof may be supplied *** but until the judgment is amended or modified it is conclusive as a judgment on the merits * * *. Modification can only be made in a direct proceeding for that purpose”. In this regard, attention is called to Weinstein-Korn-Miller (vol 5, pars 5011.5, 5013.03, 5013.05, 5019.01 et seq.).
PLEADINGS AND PROOF
It has long been established that pleadings are to be liberally construed and leave to amend, to correct errors or omissions, should be freely given so long as the rights of the parties are protected against surprise or prejudice. “A petition” in a summary proceeding “is just one form of pleading” (80 West 40th St. Assoc. v Drew, NYLJ, June 3, 1981, p 12, col 3 [Gammerman, J.]).
However, there is a vast difference between omissions and defects in pleadings and omissions and defects in proof.
While there is an occasional allowance of an additional opportunity to prove required items as to the prima facie case (see, e.g., James v Williams, NYLJ, Feb. 24, 1977, p 12, col 6 [App Term]), such is usually done “in the interests of justice” and in the court’s discretion. Thus, in the James case, landlord was given a further “opportunity to prove the required multiple dwelling information and proper service of the thirty-day notice” — both items of pro forma proof. So, too, in Ashraf v Hardon (NY County, L&T 28570/80, L&T 99723/79) the initial dismissal was for failure to prove that a managing agent had been properly designated. After such dismissal, on petitioner’s motion, Judge Berkowitz permitted an amendment of the judgment to reflect that it was “without prejudice” — again, an item of pro forma proof.
The overwhelming majority of cases, on the other hand, recognize that a party normally gets but one trial. So long as the proponent has had a “full and fair opportunity to either prosecute or defend an action, but has, without mitigating circumstances, failed to do so”, the resulting adjudication is “on the merits” (Greyhound Lines v Pamtours, NYLJ, Feb. 27, 1978, p 11, col 2, and cases cited therein).
*455 In the instant litigation, subsequent to the first trial, petitioner has filed a new multiple dwelling registration, naming a new agent. The defect in not having a “currently effective” agent at the time of the first trial, in and of itself — a discrepancy disclosed to counsel from the CRT display and disregarded by petitioner — would require a dismissal of the initial proceeding pursuant to the mandates of subdivision 2 of section 325 of the Multiple Dwelling Law (“no rent shall be recovered by the owner of a multiple dwelling who fails to comply with * * * registration requirements”) and subdivision b of section D26-41.21 of the Housing Maintenance Code (Administrative Code, ch 26, subtit 4) (an owner “who fails to file as required shall be denied the right to recover possession of the premises for non-payment of rent”).
By reregistering, petitioner has now demonstrated that she has “readily available” proof concerning a registered managing agent (Giglio v Haber, supra). However, petitioner has still not shown that she is currently a member in good standing with the Rent Stabilization Association as to the apartment involved in this litigation. The photocopy annexed to the moving papers, by its very terms expired several weeks prior to the making of the cross motion, does not designate the dwelling unit involved, does not identify any party to this lawsuit, and thus would be of extremely limited value if sought to be introduced at trial (see CPLR 4518, subd [a]). This element of a prima facie case was considered sufficient to enable at least one appellate court to reverse a judgment and dismiss a petition where a landlord misrepresented that he was a member of RSA at the time of trial when, in actuality, he was not (Steinmetz v Lefkowitz, NYLJ, Aug. 31, 1976, p 10, col 5 [App Term]).
Finally, and most important, petitioner still has failed to allege in the submitted papers or demonstrate that a landlord-tenant relationship exists between herself and respondent. As to this element, petitioner’s argument that mere occupancy implies a landlord-tenant relationship and a consequent obligation to pay rent is untenable (Carbury v Archer, 28 Misc 2d 802, mot for lv to app den 13 AD2d 800).
It is well established that the relation of landlord and tenant can only be created by contract requiring proof of *456 offer and acceptance, express or implied (Stern v Equitable Trust Co. of N. Y., 238 NY 267, 269; Geist v State of New York, 3 Misc 2d 714; 1 Rasch, New York Landlord and Tenant, Summary Proceedings [2d ed], §§ 11-17, 48). “Continued possession and occupancy *** are not of themselves sufficient to spell out an agreement to pay rent or to create the traditional relationship of landlord and tenant. (Preston v Hawley, 101 NY 586 [1886]; Collyer v Collyer, 113 NY 442 [1889]; United Security Corp. v Suchman, 307 NY 48 [1954]; Davis v Caldwell, 1 AD2d 827 [1956].)” (Geist v State of New York, supra, p 719.)
In this regard, petitioner faces obvious obstacles of proof. Although she is the executrix of an estate claiming owner-, ship of a piece of real property and must conserve estate assets, she is a petitioner claiming that the apartment is subject to the Rent Stabilization Law (Administrative Code, § YY51-1.0 et seq.), which requires (inter alia) that tenants be given the protection of written leases (in fact, both petitions contain the claim that petitioner is in compliance with the Rent Stabilization Law and Code). She does not assert that a written lease ever existed between her predecessor or herself and respondent. She did not tender any proof at trial of an attornment. Without some such proof, how is she to show a landlord-tenant relationship sufficient to justify a judgment in a summary proceeding, especially if faced with evidentiary problems of the “Dead Man’s statute” (CPLR 4519 — applicable by its terms to special proceedings)?
This difficult question is not presented by the instant motions for the simple reason that no proof was alleged to exist, either at trial or in the submitted papers, that would show, either in law or fact, that a landlord-tenant relationship exists between petitioner and respondent. A summary proceeding judgment of possession may not be awarded for nonpayment of rent which respondent never agreed to pay and petitioner never agreed to accept, either expressly (orally or in writing) or impliedly (in law or fact). Without a landlord-tenant relationship, there is no mutual obligation concerning “rent”.
While this court might, under proper circumstances, disregard minor technical deficiencies of a party’s plead *457 ings (e.g., to correct an inaccurate RSA number), it cannot disregard the defects in proof present in the instant litigation. The most major missing required proof at the close of the trial still is lacking — it has not been shown that proof is “readily available” sufficient to enable the court to disregard the trial, either “in the interests of justice” or for any other reason in law or fact.
Unless and “[ujntil there be a reversal on appeal, however, the judgment rendered in the prior summary proceeding is res judicata *** and this court and all parties are bound by that ruling. (Meyerhoffer v Baker, 121 App Div 797; 3 Rasch, New York Landlord and Tenant, §1371)” (United Artists Corp. v Number 731 Seventh Ave. Rest., 75 Misc 2d 717, 718 [Kassal, J.].)
In view of the lack of “readily available” evidence to correct the previously found failures of proof, the court’s dismissal in the previous proceeding was a final judgment on the merits (CPLR 5013) which bars relitigation even if it is erroneous (Matter of Reilly v Reid, 45 NY2d 24, 28; Linton v Perry Knitting Co., 295 NY 14, supra; 5 Weinstein-Korn-Miller, NY Civ Prac, par 5011.10). It left petitioner with several options — she could abandon her cause; she could have moved to amend, correct, modify, reargue or reconsider; or she could appeal. “What she could not do is to start all over again as if nothing had happened.” (Burd v Walter Oertly Assoc., NYLJ, July 9, 1979, p 13, col 1 [Lane, J.].)
It is thus clear that the motion by respondent for an order of dismissal must be granted since the same months’ “rent” are the subject of both the prior and instant lawsuits and even though the pleadings are not for identical amounts.
But for the failure of proof of a landlord-tenant relationship, this dismissal could easily be limited to the period June, 1980 to March, 1981. This court feels that petitioner should be given every opportunity to demonstrate that a landlord-tenant relationship was created, in law or fact, on or after the trial of March 18, 1981. Accordingly, the decision after trial is interpreted to be a final judgment that, on or before March 18, 1981, petitioner and respondent did not have a landlord-tenant relationship. It is not *458 an adjudication that as of any later date such landlord-tenant relationship did not exist (see Matter of Booke v Joy, 79 AD2d 903; see, also, People ex rel. Hilton v Fahrenkopf, 279 NY 49, 52-53; Restatement, Judgments 2d, Tentative Draft No. 5, §61, comment f).
Thus, the dismissal is without prejudice to petitioner maintaining a summary proceeding, or any other proper lawsuit, as she may be advised, for rent or damages accruing for any period of time on or after March 18, 1981.
Furthermore, while the court has found no landlord-tenant relationship to exist.from June, 1980 to March 18, 1981 and that, therefore, petitioner is not entitled to a summary proceeding judgment of possession, such determination does not mean that respondent could live there “scot-free”. The lack of a landlord-tenant “rent” obligation does not, ipso facto, also mean that respondent might not, at a future time and lawsuit, be found responsible for damages for “use and occupancy” for any such residence in petitioner’s property. As to any such lawsuit, respondent could raise defenses under section 325 of the Multiple Dwelling Law and subdivision b of section D26-41.21 of the Housing Maintenance Code and any counterclaims and other defenses as would be proper, relevant and as she may be advised. But any such determination is for another time and lawsuit.
Accordingly, the dismissal is without prejudice to petitioner’s rights, if any, to maintain an action to recover possession and/or use and occupancy, damages and/or any other proper relief pursuant to RPAPL article 6 (the modern version of a common-law action of ejectment), for the period June, 1980 to March 18,1981 (see RPAPL 747, subd 2). As to petitioner’s claim for summary proceeding judgment of possession (RPAPL 711) for such time period, the motion is granted and the proceeding dismissed on the ground of res judicata.
In view of the dismissal, that branch of respondent’s motion seeking an order granting injunctive relief is denied without prejudice with leave to renew upon proper papers, as respondent may be advised, in a forum having jurisdiction over the parties and with power to grant the requested relief.
*459 Finally, in view of the above, the cross motion by petitioner for an order granting amendment of the present petition to include subsequent accrued rent is denied as academic (the lawsuit having been dismissed) and without prejudice to a new proceeding upon proper pleadings if petitioner alleges a landlord-tenant relationship to exist on or after March 18, 1981.
Trial Calendars in the Housing Part of the Civil Court are overcongested enough without having to twice try the same claim that, due to lack of proof, is apparently ill-founded. There must be an end to all claims, especially those that have been once litigated and dismissed after trial, even though such dismissal was for mere failure of proof, unless the proponent convinces the court that at another trial the evidence necessary to prove a prima facie case is “readily available”. This petitioner has not demonstrated that the requisite proof is “readily available”; has not applied — either to the court’s discretion or “in the interests of justice” — to amend, correct, modify, reargue or reconsider the initial determination; and has not shown any reason, in law or fact, why the clear mandate of CPLR 5013 should not apply to her present claim for rent from June, 1980 to March 18, 1981.