■ ANTHONY SABATER, JR., Respondent-Appellant, v NEW YORK CITY TRANSIT AUTHORITY et al., Appellants-Respondents. — Order, Supreme Court, New York County (Wright, J.), entered July 25, 1983, which directed defendants to submit to certain further discovery and denied plaintiff's request for a special preference modified, on the law, the facts and in the exercise of discretion, without costs or disbursements, to grant the application for a special preference and, except as thus modified, affirmed. ¶ Plaintiff, 28 years old at the time, suffered the loss of his left leg after apparently being struck by a subway train owned and operated by defendants. Five months later, destitute and unable to work, he became a recipient of public assistance, which he is still receiving. In such circumstance plaintiff's application for a special preference should have been granted. (*Beltran v Borstein,* 32 AD2d 954.) Special Term denied the application in the mistaken belief that plaintiff had not been gainfully employed at the time of the accident. It appears, however, that he was a self-employed cabdriver at the time of the accident and for a period of two months before that time. Prior to that he had been employed as a taxidriver on a commission basis. We find no abuse of discretion in Special Term's direction that plaintiff be allowed to take photographs of the tunnel area where the accident occurred "at a time that will be most convenient to defendants." No one will be endangered. We are informed that the photographs can be taken from an elevated catwalk on the side of the tracks away from the third rail. If the photographs are taken at a time when the system is on its most reduced schedule the interference with service should be minimal, if not nonexistent. Concur — Sandler, J. P., Sullivan, Fein and Kassal, JJ.

Silverman, J., concurs in a separate memorandum as follows: I do not construe Special Term's order to permit plaintiff to take additional photographs as permitting or requiring the disruption or shutdown of subway service or of power at the location involved, or requiring defendants to permit plaintiff access to dangerous portions of the tunnel. Plaintiff points out that there is a "secure, raised subway platform which extends into the tunnel past the station," and plaintiff should be permitted to take photographs from that platform. Plaintiff's arguable need for additional photographs would surely be far outweighed by the public inconvenience of shutting down any portion of the subway or station of the subway, or shutting off the power at any portion thereof, nor should the photographer be allowed into areas which may be

dangerous to him or to others, whether or not he signs a waiver. ¶ It is on the assumption of these limitations that I concur with the majority insofar as it affirms the direction to permit plaintiff to take additional photographs.