OPINION OF THE COURT
Alan D. Oshrin, J.
The plaintiff moves pursuant to CPLR 3403 (a) (3) for a trial preference in the interests of justice on the grounds that he is suffering from a severe illness, that he is in danger of imminent death and he is destitute. The plaintiff is infected with *631 the HIV virus which results in AIDS, and was first diagnosed as having the virus in 1984. The plaintiff states that his condition has grown progressively worse and that he presently suffers from the AIDS related complications of respiratory distress and failure; pneumonia; low blood count; migraine headaches; failing vision; irregular heartbeat; sores on the inside of his mouth causing difficulty in eating; severe and substantial weight loss, and constant debilitating fatigue. The plaintiff further states that he has been hospitalized three times during the last IV2 years due to AIDS related complications.
In support of his application the plaintiff submits the affirmation of Dr. Gerald W. Arthur. Dr. Arthur states that Mr. Sanfilippo has been under his care since 1984; that he diagnosed and is treating Mr. Sanfilippo for the HIV virus; that the HIV virus is a progressive disease that causes AIDS; that AIDS is uniformly fatal; that Mr. Sanfilippo will not recover from the disease; that his condition has progressively worsened, and that he is in imminent danger of death.
Additionally, the plaintiff argues that he has been unable to work since the 1988 motor vehicle accident, that his no-fault benefits have been exhausted, and that he is presently destitute.
The defendant opposes the application stating that having the HIV virus is not the equivalent of having AIDS; that the HIV virus is a trigger mechanism which is not fully understood; that Dr. Arthur states that it is impossible to predict with a reasonable degree of medical certainty the approximate time and date of death, and that a physician should be required to state with a high degree of medical certainty that the plaintiff will not survive a date certain for trial.
Whether the interests of justice will be served by granting of a preference rests within the discretion of the trial court (see, Nold v City of Troy, 94 AD2d 930 [1983]). The severity of illness (see, Nold v City of Troy, supra), indigence and exhaustion of no-fault benefits (see, Thompson v City of New York, 140 AD2d 232 [1988]) and the inability to work from the time of the accident (see, Sabater v New York City Tr. Auth., 102 AD2d 804 [1984]) are circumstances which have been found to warrant a trial preference. Specifically with respect to AIDS, it has been held that a plaintiff who was diagnosed as having AIDS two years prior to the motion, and whose medical prognosis indicated that he is "in imminent danger of death”, *632 was suffering from a grave illness which substantially increases the likelihood of his death before the trial of the action, unless he is given the special preference and early trial date contemplated by CPLR 3403 (Schneider v Flowers, 137 Misc 2d 512 [1987]). Significantly, the Schneider court observed that the defendant did not submit an opposing affidavit from a physician, but merely suggested that the imminence of death was speculative and uncertain.
In the case at bar, although the plaintiff has not been diagnosed as having AIDS he was diagnosed nine years ago as having been infected with the HIV virus. His condition has grown progressively worse, his symptomatology is vast, and he has been hospitalized three times in the past 18 months because of such symptomatology. The plaintiff’s physician has stated that the HIV virus is a progressive disease that causes AIDS; that the plaintiff will not recover from the disease; that AIDS is uniformly fatal and that the plaintiff is in imminent danger of death. Under the circumstances the court finds no basis to distinguish a plaintiff diagnosed as suffering from AIDS from a plaintiff diagnosed as infected with the HIV virus for a substantial period of time and who has demonstrated a vast and debilitating symptomatology and a progressively worsening condition. In each case the plaintiff suffers from a severe illness which substantially increases the likelihood of death before trial unless an early trial date is allowed. Moreover, as with the Schneider court, the court is not persuaded by an affirmation of counsel that the imminence of death is too speculative and uncertain for the court to grant a trial preference.
In addition to the severity of the illness and the imminence of death as a basis for granting the relief requested, the plaintiff has alleged his inability to work since the accident, indigence and an exhaustion of no-fault benefits, all of which have been recognized as bases for a trial preference. Accordingly, the plaintiff’s CPLR 3403 (a) (3) motion for a trial preference is granted.
Within 20 days of the date of this order, the plaintiff shall advise this court of the status of pretrial disclosure and the date for the certification conference. Upon the filing of a certification conference order, the plaintiff may file a note of issue reflecting a trial preference (see, CPLR 3403 [b]).