**Jordan v BBP St Owner, LLC**

2024 NY Slip Op 31946(U)

June 5, 2024

Supreme Court, New York County

Docket Number: Index No. 158867/2017

Judge: Sabrina Kraus

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. SABRINA KRAUS**                    PART          **57M**

*Justice*

------------------------------------------------------------------------X

CHRISTOPHER JORDAN,                                       INDEX NO.     158867/2017

                              Plaintiff,

                                                         MOTION DATE   04/18/2024,
                                                                       05/03/2024

                    - v -
                                                         MOTION SEQ. NO.   009 010

BBP ST OWNER, LLC, QUICK PARK PCVST GARAGE
LLC,PRECISION TIME SYSTEMS, INC. D/B/A PRECISION
TECHNOLOGY SOLUTIONS, INC.,FAAC
INTERNATIONAL, INC.,                                     **DECISION + ORDER ON**
                                                            **MOTION**
                              Defendant.

------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 009) 284, 285, 286, 287, 288, 310, 311, 312, 313, 314, 315, 316, 317, 318, 320, 321, 322

were read on this motion to/for                    TRIAL PREFERENCE                    .

The following e-filed documents, listed by NYSCEF document number (Motion 010) 292, 293, 294, 295, 296, 297, 298, 299, 300, 301, 302, 303, 304, 305, 306, 307, 308, 309, 323, 324

                                          VACATE/STRIKE - NOTE OF ISSUE/JURY
were read on this motion to/for              DEMAND/FROM TRIAL CALENDAR            .

## BACKGROUND

Plaintiff commenced this action seeking damages for personal injuries he suffered on January 8, 2017, when he was struck in the head by a gate to a parking garage in Stuyvesant Town.

By decision and order dated March 19, 2024, the Court ordered, in relevant part, for plaintiff to provide BPP and Quick with an authorization to obtain to obtain Plaintiff's treatment records with licensed clinical social worker Jamie Greenfield.

**158867/2017   JORDAN, CHRISTOPHER vs. BBP STREET OWNER, LLC**          **Page 1 of 5**
**Motion No.  009 010**

1 of 5

## PENDING MOTIONS

On April 1, 2024, Plaintiff moved for an order pursuant to CPLR section 3403(a)(3) granting him trial preference (mot. seq. 9).

On April 11, 2024, Defendants BPP St. Owner, LLC ("BPP") and Quick Park PCVST Garage LLC ("Quick") moved for and order: pursuant to 22 NYCRR § 202.21(e) vacating the Note of Issue and Certificate of Readiness for Trial; and striking this matter from the trial calendar; and pursuant to CPLR § 3126, precluding Plaintiff from offering evidence regarding any alleged personal injuries for failure to provide discovery; and extending the date for Defendants to file summary judgement motions beyond the previously set date of July 31, 2024 (Mot. seq. 10).

The motions are consolidated herein and determined as set forth below.

## DISCUSSION

### *BPP and Quick's Motion to Vacate the Note of Issue*

BPP and Quick seek to vacate the note of issue, contending that they have not been provided with the Greenfield authorizations as ordered by the Court, that those records are necessary for their neuropsychologist to review and include in his report, and that additional IME's are contingent on that report. Additionally, they note that there are four non-party witnesses that have yet to be deposed.

In opposition, Plaintiff contends that it provided the Greenfield authorizations shortly after BPP and Quick filed the within motion, in full compliance with the court's order. Plaintiff argues that Defendants can schedule their IME's at any time, as Plaintiff's deposition was completed in 2021, and that the IME's and non-party depositions can go forward post-note of issue while the case remains on the trial calendar. Plaintiff argues that as BPP and Quick offer no

**158867/2017   JORDAN, CHRISTOPHER vs. BBP STREET OWNER, LLC**                    **Page 2 of 5**
**Motion No.  009 010**

2 of 5

evidence or argument in support of their requests to preclude Plaintiff from offering evidence, or extending the time to file summary judgment motions, the Court should not grant such relief. Plaintiff also contends that BPP and Quick's affirmation of good faith is insufficient.

"Trial courts are authorized, as a matter of discretion, to permit post-note of issue discovery without vacating the note of issue, so long as neither party will be prejudiced." *Cabrera v Abaev*, 150 AD3d 588 (1st Dept 2017), quoting *Cuprill v Citywide Towing and Auto Repair Services*, 149 AD3d 442 (1st Dept.2017).

As Plaintiff asserts he has fully complied with the Court's order to provide the Greenfield authorizations, and as BPP and Quick submit no reply, that fact is deemed admitted. Additionally, as Plaintiff expresses willingness to allow non-party depositions and additional IME's to be conducted post-note, there is no prejudice to any party in allowing post-note discovery without vacating the note of issue.

As BPP and Quick set forth no arguments in support of their request to preclude Plaintiff from offering evidence, that portion of their motion is denied. To allow time for the processing of the recently provided authorizations, and to conduct the additional discovery sought, the Court will extend the deadline to file dispositive motions to 90 days from the date of this order.

### Plaintiff's Motion for a Trial Preference

Plaintiff seeks trial preference because he has been diagnosed with a life-threatening illness, and contends that due to the condition he is immunocompromised.

In opposition, BPP and Quick arguing that Plaintiff fails to state a proper basis for a trial preference. They contend that Plaintiff is at no risk of imminent death as his diagnoses was made in 1996, and that the condition has been effectively managed since that time. They note that

**158867/2017   JORDAN, CHRISTOPHER vs. BBP STREET OWNER, LLC**
**Motion No.  009 010**

Page 3 of 5

3 of 5

Plaintiff has and continues to use public transit despite the presence of the pandemic, and that Plaintiff fails to allege or provide evidence that his condition has worsened.

CPLR §3403(a)(3) provides that trial preference shall be granted in "an action in which the interests of justice will be served by an early trial." The plaintiff bears the burden of establishing entitlement to a special trial preference, "and the application may not be lightly granted." *Meyers v City of New York*, 7 AD2d 903 (1st Dept 1959); *see Roman v Sullivan Paramedicine, Inc.*, 101 AD3d 443 (1st Dept 2012). "Whether the interests of justice will be served by the granting of a preference rests within the discretion of Trial [Court]." *Nold v City of Troy*, 94 AD2d 930 (3d Dept 1983); *see Shomron ex rel. R&L Realty Assoc. v Fuks*, 26 AD3d 304 (2006). [1]

Here, Plaintiff has failed to meet his burden of demonstrating entitlement to a trial preference. A probability of plaintiff's death before trial has been recognized as a sufficient basis to for a trial preference. *See Rago v Nationwide Ins. Co.*, 120 AD2d 579 (2d Dept 1986). However, Plaintiff fails to allege, or provide evidence for such probability, especially in light of the fact that he has lived with his condition for nearly 30 years. *c.f. Sanfilippo v Carrington's of Melville*, 158 Misc.2d 630 (Supr Ct, Suffolk County 1993) (*plaintiff granted trial preference where physician stated he was in imminent danger of death*); *Schneider v Flowers*, 137 Misc.2d 512 (Sup Ct, Bronx County 1987) (*plaintiff granted trial preference where physician submitted affidavit that he was in imminent danger of death*).

Plaintiff's reference to the Covid-19 pandemic is insufficient to establish that he faces a probability of death before trial absent additional support. Additionally, the fact that there is

---

[1] CPLR 3403(a)(6) also provides for preference "where the plaintiff is terminally ill and alleges that such terminal illness is a result of the conduct, culpability or negligence of the defendant." However Plaintiff does not move under this provision and the condition for which Plaintiff is seeking preference was not caused by Defendants.

**158867/2017   JORDAN, CHRISTOPHER vs. BBP STREET OWNER, LLC**                                   **Page 4 of 5**
**Motion No.  009 010**

significant post-note discovery remaining militates against granting a trial preference in the interests of justice. Thus, Plaintiff's motion for a trial preference is denied.

## CONCLUSION

Accordingly, it is hereby:

ORDERED that Plaintiff's motion for a trial preference (mot. seq. 9) is denied; and it is further

ORDERED that BPP and Quick's motion (mot. seq. 10) is denied, but the Defendants shall be permitted to conduct the post-note of issue discovery sought, with deadlines to be set at the discovery conference currently scheduled with the court for June 24, 2024 at 10:30 a.m. via MS teams, and the deadline to file dispositive motions shall be extended to 90 days from the date of this order; and it is further

ORDERED that, within 20 days from entry of this order, Plaintiff shall serve a copy of this order with notice of entry on all parties and the Clerk of the General Clerk's Office (60 Centre Street, Room 119); and it is further

ORDERED that such service upon the Clerk shall be made in accordance with the procedures set forth in the Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases (accessible at the "E-Filing" page on the court's website at the address www.nycourts.gov/supctmanh).

This constitutes the decision and order of the Court.

2024060511452SSBKRAUSD005187AE7E642B2A3173DA738627B47

| | | |
|---|---|---|
| **6/5/2024** | | |
| **DATE** | | **SABRINA KRAUS, J.S.C.** |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION |
|---|---|---|
| | ☐ GRANTED ☒ DENIED | ☐ GRANTED IN PART ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT ☐ REFERENCE |

**158867/2017 JORDAN, CHRISTOPHER vs. BBP STREET OWNER, LLC**
**Motion No. 009 010**

Page 5 of 5